### HARRIS *v.* RICE, ADMINISTRATOR.

STATUTE OF LIMITATIONS.—*Extension of Limitation, on Death of Party, under Section 217.*—The limitation of six years, prescribed by section 210 of the code as the period within which actions on account must be brought, is not shortened by section 217 of the code, prescribing that, upon the death of either party to a contract not then barred, the action survives to or against the representative of the decedent, and must be brought within eighteen months after his decease.

SAME.—In case of the death of either party less than eighteen months preceding the expiration of the limitation fixed, the effect of section 217 of the code is such as to extend the statutory limitation for a period equal to the difference between eighteen months and the residue of the limitation unexpired at the death of such party.

From the Hendricks Circuit Court.

*C. Foley*, for appellant.

*L. M. Campbell*, for appellee.

HOWK, J.—In this case the appellant filed his claim, duly verified, against the estate of Joshua Harris, deceased, in the clerk's office of the court below; which claim was duly entered on the appearance docket of said court.

Afterward, the claim, not having been admitted by the administrator of said estate, was duly transferred, for trial, to the issue docket of the court. The cause was put at issue and tried by the court; and, at the appellant's request, the court made a special finding of the facts in writing, and then stated its conclusions of law thereon, as follows:

" James Harris, Claimant, *v.* .William H. Rice, Adm'r *de bonis non* of the Estate of Joshua Harris, Deceased, Defendant.

" On the trial of the above entitled cause, the claimant requested the court to make a special finding of the facts in said cause, and the conclusion of law upon them, involved, notifying the court of his intention of excepting to such conclusion of law, and of appealing said cause to the Supreme Court of Indiana, which finding and conclusion are as follows :

" 1*st*. The court finds, that the claimant rendered the defendant's decedent the services, as averred in the claim, from October, 1872, to March, 1873, when the decedent died, on a valid promise of the decedent to pay for the same what they should be worth, and that said services were worth two hundred and sixty-four dollars, which sum has never been paid.

" 2*d*. That defendant's decedent died in March, 1873, and that in April, 1873, one Thomas W. Morgan was duly appointed by this court administrator of the estate of said decedent, and who continued in that capacity until November 12th, 1876, when he died ; that there was a vacancy in said trust, until March 27th, 1877, when the defendant was appointed administrator *de bonis non* of said estate ; and that the claimant had full notice of all thereof.

" 3*d*. That the claim in this cause was filed November 11th, 1876.

" Upon which facts the court finds and decides the conclusion of law involved, as follows, to wit :

" 1*st*. That the claimant is not entitled to maintain this cause, or recover any thing on said claim, because the same was not filed within eighteen months after the death of defendant's decedent."

To the conclusion of law upon the facts found, the appellant at the time excepted ; and judgment was rendered

by the court, upon and in accordance with its conclusion of law, in favor of the appellee and against the appellant, for the costs of suit, from which judgment this appeal is now here prosecuted.

In this court, the only error assigned by the appellant is, that the court below erred in its conclusion of law upon the facts stated in its special finding.

We have no brief of this cause from the appellee or his counsel; but it can not be questioned, as it seems to us, that the court clearly erred in its conclusion of law upon the facts stated in its special finding. The appellant's suit was founded upon an open account for work done and services rendered by the appellant for the appellee's decedent, in his lifetime, " on a valid promise of the decedent to pay for the same what they should be worth." The work was done and the services were rendered between October, 1872, and March, 1873.

In section 210 of the practice act, it is provided, that actions " on accounts and contracts not in writing" shall be commenced within six years, and not afterward. 2 R. S. 1876, p. 121.

This suit was commenced, as the court found the fact to be, on the 11th day of November, 1876; and therefore it is clear, that no part of the account in suit in this case was barred by the limitation provided in said section 210 of the practice act.

We learn from the brief of the appellant's counsel, that the court's conclusion of law, in this case, was founded upon its construction of the provisions of section 217 of the practice act. This section reads as follows :

Sec. 217. If any person entitled to bring, or liable to any action, shall die before the expiration of the time limited for the action, the cause of action shall survive to or against his representatives, and may be brought at any time, after the expiration of the time limited, within

eighteen months after the death of such person." 2 R. S. 1876, p. 127.

It would seem from the court's conclusion of law, upon the facts found in this case, that the court construed this section 217 as a limitation upon the time within which a cause of action might be sued upon, either by or against the personal representatives of a decedent, under the general provisions of the statute of limitations. Thus, in the case at bar, the appellant's account against the appellee's decedent was closed by the decedent's death, in March, 1873; and, as we have seen, under the general limitation provided in section 210 of the code, the appellant might have sued on his account, as he has done, at any time within six years. The court, however, in its conclusion of law, has evidently construed section 217 as limiting the time within which this action could be brought, to the period of eighteen months after the decedent's death. We do not think that this construction of the section can be sustained. It was not the legislative intention, in this section, as we construe its provisions, to abbreviate, in any instance, the period of time within which an action might be commenced, under the provisions of the statute of limitations. But it was the object and purpose of the section, we think, in all cases where death intervened within eighteen months of and preceding the close of the ordinary period of limitation, to allow suits to be brought either by or against the personal representatives of such decedent, within said period of eighteen months, upon causes of action which, without that section, would have been barred by limitation during that period, and before the suit was brought. Thus, it seems to us, that, under this section, while the ordinary period of limitation may possibly be enlarged, yet it can never be diminished or abbreviated in any case.

This construction of section 217 is in harmony with,

and supported by, the opinion of this court in the case of *Hiatt* v. *Hough*, 11 Ind. 161, wherein it was said by PER-KINS, J., in commenting upon the section in question : "By this exception, an action may be brought on a note, where either party to it has died, just as long after the expiration of twenty years as eighteen months from the death of such person would extend."

We are clearly of the opinion, that the court below erred, in this case, in its conclusion of law upon the facts stated in its special finding.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to the court below to render judgment upon its special findings, in favor of the appellant and against the estate of the appellee's decedent, for the sum of two hundred and sixty-four dollars and interest thereon since the 29th day of June, 1877, and costs of suit.