SOLOMON v. FENTON.

[No. 768-A-118. Filed February 13, 1969. Rehearing denied March 10, 1969. Transfer denied June 4, 1969.]

*Gene Graebe, Warren M. Brown,* both of Shelbyville, and *Terry Robison & Graebe,* of counsel, *Brunner, Brown & Brunner,* of counsel, Shelbyville, for appellant.

*Robert W. Adams,* Shelbyville, *Robert J. Eder,* Rushville, and *Adams & Cramer,* of counsel, Shelbyville, *Earnest, Foster & Eder,* of counsel, Rushville, for appellee.

PFAFF, C. J.—Appellee brought this action pursuant to the provisions of the Children Born Out of Wedlock statute (Acts 1941, 1945 and 1953, §§ 3-623 to 3-658, Burns' 1968 Replacement), seeking to have appellant adjudged the father of her child. Appellee's original petition also asked that appellant be required to pay childbirth expenses, support of such child and attorney fees, all as provided in the statutes referred to above. No answer was filed by the appellant.

Both parties waived trial by jury and the trial court, after submission of evidence, found that appellant was the father of appellee's child. Upon such finding a judgment was entered that appellant pay $324.00 for the childbirth expenses,

$20.00 per week toward the support of such child and $750.00 for appellee's attorney's fees.

Appellant filed a motion for new trial, alleging that:

1. The decision of the Court is not sustained by sufficient evidence.
2. The decision of the Court is contrary to law.
3. The Court erred in overruling defendant's motion for finding in his favor made at the close of plaintiff's evidence.
4. The Court erred in overruling defendant's motion for finding in his favor made at the close of all the evidence.
5. The Court erred in its Conclusion of Law #1.
6. The Court erred in its Special Finding #5.
7. The Court erred in its Special Finding #6.
8. The Court erred in determining that defendant was the father of said child upon the uncorroborated evidence of the mother alone.

Said motion was subsequently overruled and appellant assigns as error the overruling of said motion.

Inasmuch as the same question is raised by each of appellant's specifications of error in his motion for new trial, said specifications will be grouped together and treated as one for the purpose of this opinion.

Briefly stated, the sole issue presented herein is: Is the uncorroborated evidence of the appellee sufficient to establish paternity? We are of the opinion that it is.

Acts 1941, ch. 112, § 1, p. 301, § 3-623 Burns' 1968 Replacement, provide as follows:

"It is the obligation of the state of Indiana to provide proper legal procedures that will enable children born out of wedlock to have proper care, maintenance, education, pro-

tection, support and opportunities the same as children born in wedlock; and it [is] the purpose of this act [§§ 3-623—3-655] to establish procedures that will enable such children to have such rights and privileges."

Acts 1941, ch. 112, § 16, p. 301, § 3-638, Burns' 1968 Replacement, provide as follows:

"The hearing shall be by the court but if either party demands a jury, it shall be by jury. Both the mother and the alleged father shall be competent to testify but the alleged father shall not be compelled to give evidence. The court shall exclude the general public from the hearing, and admit only those persons directly interested in the case, including officers of the court."

Appellant contends that corroboration is required by Acts 1953, ch. 112, § 207, p. 295, § 6-207, Burns' 1953 Replacement, a section of the new Probate Code, which reads as follows:

"(a) For the purpose of inheritance to, through and from an illegitimate child, such child shall be treated the same as if he were the legitimate child of his mother, so that he and his issue shall inherit from his mother and from his maternal kindred, both descendants and collaterals, in all degrees, and they may inherit from him. Such child shall also be treated the same as if he were a legitimate child of his mother for the purpose of determining homestead rights, and the making of family allowances.

"(b) For the purpose of inheritance to, through and from an illegitimate child, such child shall be treated the same as if he were the legitimate child of his father, if but only if, (1) the paternity of such child has been established by law, during the father's lifetime; or (2) if the putative father marries the mother of the child and acknowledges the child to be his own.

"The testimony of the mother may be received in evidence to establish such paternity and acknowledgment but no judgment shall be made upon the evidence of the mother alone. The evidence of the mother must be supported by corroborative evidence or circumstances.

"When such paternity is established as provided herein such child shall be treated the same as if he were the legiti-

mate child of his father, so that he and his issue shall inherit from his father and from his paternal kindred, both descendants and collateral, in all degrees, and they may inherit from him. Such child shall also be treated the same as if he were a legitimate child of his father for the purpose of determining homestead rights, and the making of family allowances."

Appellant concedes that there is no such requirement in the paternity or Children Born Out of Wedlock statute, hereinabove referred to, if paternity is established during the lifetime of the putative father. He further concedes that until the effective date of the new Probate Code on January 1, 1954 (§ 2502 of Acts 1953, ch. 112) corroboration was not required. However, it is his contention that the two acts, the 1941 paternity act and the 1953 Probate Code, are in *pari materia* and must be construed together. He contends that § 6-207, *supra,* makes every illegitimate child, whose paternity is established pursuant to procedures prescribed by the paternity act during the father's lifetime, an heir of the father and that such § 6-207, therefore, adds to the requirements of the paternity act the additional requirement that "[t]he evidence of the mother must be supported by corroborative evidence or circumstances."

We do not view the Probate Code and the paternity statute as being in *pari materia.* While it is true they both deal with illegitimate children, and to that extent both deal with the same subject matter, the Probate Code, and § 6-207 in particular, deals with illegitimate children as heirs, while the paternity statute deals with them as minor wards of the state in need of the support of their natural fathers for their own well being and to prevent them from becoming dependent upon the community. *Schultz v. Celebrezze,* 267 F. Supp. 881, 885 (N. D. Ind. 1967) ; *Hahn et al. v. Moore* (1956), 127 Ind. App. 149, 158, 169, 133 N. E. 2d 900, 134 N. E. 2d 705 (Transfer denied).

We do not believe that the General Assembly, by enactment of that part of the Probate Code regulating inheritance to, through and from illegitimate children, intended to engraft upon the statute providing for support of illegitimate children a limitation upon proof of heirship any more than it intended by the enactment of the wrongful death statute (Acts 1881 (Spec. Sess.), ch. 38, § 8, p. 240, § 2-404, Burns' 1946 Replacement) to limit to $10,000.00 the father's recovery under Acts 1881 (Spec. Sess.), ch. 38, § 29, p. 240, § 2-217, Burns' 1946 Replacement, for the death of a child. *Hahn et al. v. Moore, supra.* In reaching this conclusion we are in agreement with expressions by Judge Beamer in *Shultz v. Celebrezze, supra,* to the effect that statutes which provide for suits against putative fathers to obtain support, care and maintenance have nothing to do with inheritance rights. The obvious corollary is that statutes relating to proof of heirship and inheritance rights have nothing to do with suits against putative fathers to obtain support for illegitimate children.

In *Libertowski v. Hojara* (1967), 141 Ind. App. 439, 228 N. E. 2d 422, 424, this court, when presented with an issue similar to the one at bar stated:

> "Appellant further contends that there 'is not one iota of credible evidence to sustain the finding that appellant was the father of the child.' As a corollary appellant argues that appellee did not produce any corroborating testimony. Because of the illicit relationship (which the trial court found to exist) between appellant a married man 22 years of age and appellee an unmarried woman 20 years of age, a dearth of witnesses corroborating or otherwise is understandable. Burns' § 3-638 declares that '[b]oth the mother and the alleged father shall be competent to testify.' But the alleged father cannot be compelled to testify. The weight to be given such testimony should be judged by accepted standards of credibility applicable to any interested party to litigation."

In the instant case appellee testified that she had sexual relations with appellant for the first time in the fall of 1961

and that said relationship continued until the time she became pregnant in September 1965. She further stated that she did not have sexual relations with anyone else other than the appellant during that time. Appellant, in reliance on his statutory right, elected not to testify.

In the opinion of this court the *Libertowski* case is sound precedent for the trial court's decision in the instant case, and the evidence was sufficient to sustain it.

Based on the authorities cited above, and the reasons stated herein, the judgment in this cause is affirmed. Costs taxed against appellant.

Sharp and White, JJ., concur.

Hoffman, J., concurs in result.

NOTE.—Reported in 244 N. E. 2d 228.