**Phillip S. SHEARER and Karla Shearer, Appellants,**

v.

**PLA–BOY, INC., Kevin L. Donley, Pat Boylen, and Michael Placek, d/b/a Gophers, Appellees.**

**No. 90A04–8803–CV–82.**

Court of Appeals of Indiana,
Fourth District.

May 16, 1989.

T. Dean Swihart, Boxberger Wernet Swihart Antalis & Renz, Fort Wayne, for appellants.

Thomas C. Ewing, Scott L. Bunnell, Hunt Suedhoff Borror & Eilbacher, Fort Wayne, for appellees.

MILLER, Judge.

On August 22, 1986 plaintiff-appellants Phillip and Karla Shearer (Shearer) filed suit against Kevin Donley and Donley's employers, Pla–Boy, Inc., Pat Boylen, and Michael Placek d/b/a Gophers (Employers) for personal injuries to Phillip resulting from a May 1985 automobile collision. Unbeknownst to Shearer, Donley had died two months before Shearer filed suit. In June, 1987 (more than 2 years after the accident), Shearer opened an estate for Donley, appointed a personal representative, and moved to substitute the representative as a party defendant in the pending action. In response, the Employers moved for summary judgment, alleging that the statute of limitations barred Shearer's claim. After a hearing, the trial court awarded summary judgment in favor of the defendants, ap-

parently believing that Shearer had failed to open Donley's estate within the applicable statute of limitations. Shearer appeals this decision and presents the following issues:

I. Whether the trial court, in granting summary judgment, erred in applying I.C. § 34–1–2–2(1), the 2 year statute of limitations for the tort of personal injury, instead of I.C. § 34–1–2–7, which in some instances, extends the limitations period to 18 months after the death of a party.

II. Whether Shearer's lawsuit is precluded by the doctrine of laches.

We find the trial court erred in not applying I.C. § 34–1–2–7, which extends the limitations period in this case to permit the substitution of Donley's personal representative, as a party defendant, within 18 months after Donley's death.

## FACTS

■ On May 7, 1985 an automobile collision occurred between vehicles driven by Shearer and Donley. On August 22, 1986, Shearer filed suit in Allen County, against Donley and the Employers alleging that Donley was negligent and that his negligence was the proximate cause of Shearer's injuries. Unbeknownst to Shearer, Donley had died approximately two months earlier on June 6, 1986. On September 2, 1986, attorney Thomas C. Ewing entered his appearance in this cause for the Employers and "Kevin L. Donley, now deceased". Shortly thereafter Ewing filed an answer on behalf of all defendants, including "Kevin L. Donley, now deceased,"[1] alleging, among other things, that Shearer's claim was barred by I.C. § 29–1–14–1, the probate provision which adopts by reference only I.C. § 34–1–2–2(1), the two year tort statute of limitations. The Employers moved for a change of venue and the cause was transferred to the Wells Circuit Court. After several months of

discovery and a pre-trial conference, Shearer opened an estate for Donley in Allen County, Indiana on June 5, 1987—2 years and 1 month after the accident. That same day, Shearer petitioned the Allen Superior Court to appoint a legal representative for the estate of Kevin Donley "for the sole purpose of defending a personal injury action now pending in the Wells Circuit Court, Cause No. CV–86–285" (R. 54). The Allen Superior Court appointed John Lyons for this purpose. On June 11, 1987 Shearer petitioned the Wells Circuit Court to substitute Lyons as the proper party defendant in the pending action. The Wells Circuit Court indicated, in its minute entry, that it would "favorably dispose" of this motion unless objections to it were filed by June 26, 1987. On June 30, 1987 the Employers filed a motion for summary judgment *nunc pro tunc* as of June 26, 1987, asserting that Shearer's failure to open Donley's estate, appoint a personal representative, and file suit against this representative within two years after the accident, pursuant to I.C. § 34–1–2–2(1), barred his claim. Shearer filed a motion in opposition asserting, among other things, that his negligence action against Donley was timely filed pursuant to another provision in the statute of limitations, I.C. § 34–1–2–7, which extends the limitations period to permit the filing of a complaint within 18 months after Donley's death. After a hearing on September 29, 1987, the trial court granted summary as follows:

"Defendants' motion for summary judgment having been submitted and argued on September 29, 1987, and having been taken under advisement on or about October 16, 1987, and the Court being duly advised in the premises now finds that there are no genuine issues as to any material fact and that all defendants herein are entitled to summary judgment

---

1. Apparently, Ewing was retained by the Employers to defend them in this action. However, in all the papers filed with the court, Ewing purported to represent Donley (the decedent) as well. We are unaware of any authority which permits an attorney to represent a dead person. Of course, an attorney could be hired to represent an estate, if an estate was opened.

However, in this case, Donley's estate was not opened until approximately 10 months after this action commenced. (At that time a personal representative for Donley was appointed for the specific purpose of defending the action). For the purposes of this appeal, we will assume that Ewing only represented the Employers.

as a matter of law. Therefore, the Court now sustains and grants defendants' motion for summary judgment and enters summary judgment in favor of defendants."

The court did not specifically rule on Shearer's motion to substitute Donley's personal representative as a party defendant.[2]

## DECISION

■ Before we discuss the issues in this appeal we note that in reviewing the grant or denial of summary judgment this court applies the same standard as the trial court. Ind.T.R. 56(C); *Brenneman Mechanical and Electrical, Inc. v. First National Bank of Logansport* (1986), Ind. App., 495 N.E.2d 233, 240, *trans. denied; First Savings and Loan Association of Central Indiana v. Treaster* (1986), Ind. App., 490 N.E.2d 1149, 1151, *trans. denied.* A trial court may grant summary judgment only when no issue of material fact exists and when the movant is entitled to judgment as a matter of law. *Id.* In this case, the trial court entered summary judgment in favor of the Employers without comment or specific reasons. Although this court might prefer that trial judges set forth their reasons for entering summary judgment with particularity in certain cases, there is no requirement that they do so. *Fort Wayne, Etc. v. City of Fort Wayne* (1980), Ind.App., 408 N.E.2d 1295, 1300. On review, this court will affirm the summary judgment if sustainable upon any theory or basis found in the record. *Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154; *Clark v. Millikin Mortg. Co.* (1986), Ind.App., 495 N.E.2d 544.

## ISSUE I

Based on the arguments presented at the summary judgment hearing, it appears that the trial court granted summary judgment in favor of the Employers because Shearer's negligence action was untimely. On appeal, Shearer claims his negligence action was timely, the Employers claim it was not. While the parties disagree as to the timeliness of Shearer's action, they do agree that probate law controls in this case. Both parties agree that if an action is brought after the death of a party, the action must be prosecuted as other claims against the decedent's estate[3] in compliance with a probate code provision, namely I.C. § 29–1–14–1. This statute outlines the procedure to follow when filing a claim against a decedent's estate. The provisions relevant to this appeal are:

> 29–1–14–1. *Limitations; filing; claims barred or not; liens; tort claims*
>
> Sec. 1. (a) All claims against a decedent's estate, other than expenses of administration and claims of the United States, and of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent, unless filed with the court in which such estate is being administered within:
>
> \*   \*   \*   \*   \*   \*
>
> (f). Nothing in this section shall effect or prevent the enforcement of a claim for injury to person or damaged property arising out of negligence against the estate of a deceased tort-feasor within the period of statute of limitations provided for such tort action *and for the purposes of enforcing such tort claim the estate of the tortfeasor may be opened or reopened and suit filed against the special representative of the estate within*

---

2. As Donley's personal representative was not substituted as a party defendant in this action, we will assume that summary judgment was rendered only in favor of the Employers and that the Employers are the only appellees on appeal.

3. *See* I.C. § 34–1–1–1, which provides in pertinent part:

if any action has been commenced against the decedent prior to his death, the same shall continue by substituting his personal representative as in other actions surviving the decedent's death; *in the event the action he brought subsequent to the death of the party against whom the cause existed, then the same shall be prosecuted as other claims against said decedent's estate* (emphasis added).

*the period of the statute of limitations of such tort.* However, any recovery against the tortfeasor's estate shall not effect any interest in the assets of the estate unless such suit was filed within the time allowed for filing claims against the estate. The rules of pleading and procedure in such cases shall be the same as applied in ordinary civil actions. (emphasis added)

Where the parties disagree is in the interpretation of the language in subsection (f), which states "for the purposes of enforcing such tort claim the estate of the tortfeasor may be opened ... and suit filed against the special representative of the estate within the period of the statute of limitations of such tort".

The Employers contend that the language "within the period of the statute of limitations of such tort" refers *only* to I.C. § 34–1–2–2(1), which provides:

Sec. 2 The following action shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards:

1. For injuries to person or character, for injuries to personal property, and for a forfeiture of penalty given by statute, within two (2) years.

Thus, in order for Shearer to have successfully initiated his lawsuit against Donley, the Employers claim Shearer had to open Donley's estate, appoint a personal representative and file suit against this personal representative within two years of the date of the accident. Since Shearer failed to do so, the Employers claim his suit is barred.

On the other hand, Shearer contends that the language "within the period of the statute of limitations of such tort" can properly be read to refer to I.C. § 34–1–2–2(1) as written and, if applicable, as *extended* by the later section 7 of the statute, I.C. § 34–1–2–7, which provides:

If any person entitled to bring, or liable to, any action, *shall die before the expiration of the time limited for the action, the cause of action* shall survive to or against his representatives, and *may be brought at any time after the expiration of the time limited within eighteen (18) months after the death of such person.* (emphasis added).

In this case, Donley died before the expiration of the 2 year statute of limitations and Shearer attempted to bring suit within 18 months following Donley's death. Shearer claims the effect of I.C. § 34–1–2–7 is to *extend* the general statute of limitations in certain instances, and in this case allows him 18 months after Donley's death within which to open Donley's estate and file suit against Donley's person representative. Since he opened Donley's estate, appointed a personal representative and moved to substitute this personal representative as a party defendant within 18 months following Donley's death, Shearer claims his action was timely.

■■■ The Employers claim that the provisions of I.C. § 34–1–2–2(1) and I.C. § 34–1–2–7 are in irreconcilable conflict and thus, I.C. § 34–1–2–7 has no application in this case. However, the Employers misunderstand the effect of I.C. § 34–1–2–7 on general statutes of limitation. These statutes are not in conflict[4] because our supreme court has, on several occasions, determined that the effect of I.C. § 34–1–2–7 is to *extend* general statutes of limitation when a person dies after the limitation period has begun to run, but less than 18 months before it expires. *Emerick, Administrator v. Chesrown* (1883), 90 Ind. 47, 49; *Harris v. Rice, Administrator* (1879), 66 Ind. 267, 270; *Hiatt v. Hough*

---

**4.** If we faced a situation here, where it was necessary to address the rules of statutory construction, we would note the presumption that the legislature in enacting a particular piece of legislation is aware of existing statutes on the same subject and that statutes relating to the same general subject matter should be construed together to produce a harmonious system. *Pea v. Pea* (1986), Ind.App., 498 N.E.2d 110, 114; *Economy Oil Corp. v. Ind. Dept. of*

*State Revenue* (1974), 162 Ind.App. 658, 321 N.E.2d 215. Here, I.C. § 34–1–2–7 has been in effect for over 100 years (enacted in 1881). I.C. § 29–1–14–1, the probate code provision, was enacted in 1953. Subsection (f), which adopts applicable statutes of limitation, was added by the General Assembly in 1961. Presumably, the legislature was aware of I.C. § 34–1–2–7 when it enacted I.C. § 29–1–14–1(f).

(1858), 11 Ind. 161. In *Harris, supra,* our supreme court explained the purpose and effect of I.C. § 34–1–2–7 as follows:

> It was not the legislative intention, in this section, as we construe its provisions, to abbreviate, in any instance, the period of time within which an action might be commenced, under the provisions of the statute of limitations. But it was the object and purpose of the section, we think, in all cases where death intervened within eighteen months of and preceding the close of the ordinary period of limitation, to allow suits to be brought either by or against the personal representatives of such decedent, within said period of eighteen months, upon causes of action which, without that section, would have been barred by limitation during that period, and before the suit was brought. Thus, it seems to us, that, under this section, while the ordinary period of limitation may possibly be enlarged, yet it can never be diminished or abbreviated in any case.

*Id.* 66 Ind. at 270.

Thus, the purpose of I.C. § 34–1–2–7 is to extend general statutes of limitation to permit the filing of a complaint beyond the limitations period where death intervenes within 18 months of and preceding the close of the ordinary period of limitation.[5] Here, the general statute of limitations pe-riod for the tort of personal injury is two years pursuant to I.C. § 34–1–2–2(1). However, Donley died after the two year limitations period began to run and approximately eleven months before it expired. Thus, I.C. § 34–1–2–7 applies in this case and allows Shearer 18 months after Donley's death within which to open Donley's estate and file suit against Donley's personal representative.

This court's decision in *Ware v. Waterman* (1969), 146 Ind.App. 237, 253 N.E.2d 708 illustrates how I.C. § 34–1–2–7 applies in this case. In *Ware, supra* an automobile collision occurred between vehicles driven by the plaintiff and the defendant on March 11, 1964. The plaintiff was injured in this collision. On November 12, 1965 the plaintiff filed a negligence action against the defendant. Unbeknownst to the plaintiff, the defendant had died approximately four months earlier on July 8, 1965. The decedent's estate was opened and a special administrator was appointed on April 4, 1966—more than two years after the accident. On April 13, 1966, the trial court granted the plaintiff's motion to substitute the special administrator as the proper party defendant in the pending action. However, the action was abated by order of the court for procedural reasons.[6]

On appeal, this court reversed the trial court. In doing so, the court noted that the

---

**5.** We note that this court has specifically referred to I.C. § 34–1–2–7 as an example of when death may extend the statute of limitations. *Walker v. Memering* (1984), Ind.App., 471 N.E. 2d 1202, 1204. In *Martin v. Levinson* (1980), Ind.App., 409 N.E.2d 1239, 1242, this court referred to I.C. § 34–1–2–7 as the "eighteen month extension of limitation upon the death of party." In the recent case of *Bailey v. Martz* (1986), Ind.App., 488 N.E.2d 716, 722, this court noted that the effect of I.C. § 34–1–2–7 is to *extend* the time of limitations only, *never* to diminish it, citing *Emerick, Administrator, supra* and *Harris, supra.* (emphasis in original).

**6.** The plaintiff in *Ware* filed a second action against the special administrator, however, this action was also terminated by order of the court. On appeal, this court relied on the Indiana Journey's Account Statute. *Burns* § 2–607 (now I.C. § 34–1–2–8) in holding that the plaintiff's second action was timely commenced against the decedent's special administrator. I.C. § 34–1–2–8 provides:

34–1–2–8 New actions; continuation of action

Sec. 8. If, after the commencement of an action, the plaintiff fails therein, from any cause except negligence in the prosecution, or the action abate, or be defeated by the death of a party, or judgment be arrested or reversed on appeal, a new action may be brought within five (5) years after such determination, and be deemed a continuation of the first, for the purposes herein contemplated.

The *Ware* court reasoned that since the plaintiff *timely commenced suit against the special administrator* and since this action was thereafter abated by order of the court for procedural reasons, I.C. § 34–1–2–8 applied and permitted the plaintiff an additional 5 years to file a new action against the same party for the same claim. The plaintiff did in fact file again within 5 years and the court stated that the second action was deemed a continuation of the first action and therefore timely. 253 N.E.2d at 715. (emphasis added).

plaintiff's action against the special administrator was timely pursuant to *Burns* § 2–607 (now I.C. § 34–1–2–7). The court stated that the appointment of the special administrator and the substitution of the administrator as a party defendant on April 13, 1966—after the expiration of the two year statute of limitations, but within 18 months following the decedent's death—was proper. The court held that the substitution of the special administrator constituted the timely commencement of an action against the administrator for the purposes of falling within *Burns* § 2–607 (now I.C. § 34–1–2–7).

■ We find *Ware* factually similar to the present case and controlling. Recapping the facts of the case before us, we find the automobile collision occurred on May 7, 1985. On August 22, 1986, Shearer filed suit. Unbeknownst to Shearer, Donley had died (within the 2 year statute of limitation) on June 6, 1986. On June 5, 1987 (within 18 months following Donley's death) Shearer opened an estate for Donley and a personal representative was appointed. On June 11, 1987 Shearer moved to substitute Donley's personal representative as the proper party defendant in the pending action. Although Shearer opened Donley's estate, appointed a personal representative, and moved to substitute Donley's personal representative as a party defendant after the two year statute of limitations for personal injuries had expired, this was all done within eighteen months following Donley's death. Thus, pursuant to I.C. § 34–1–2–7, Shearer's action was timely. Moreover, we note that under *Ware*, Shearer's motion to substitute Donley's personal representative as a party defendant was proper and constituted the timely commencement of an action against this personal representative as this was done within the extended statute of limitations period pursuant to I.C. § 34–1–2–7.

Finally, the Employers rely on two cases, *Pasley v. American Underwriter's, Inc.* (1982), Ind.App., 433 N.E.2d 838 and *Langston v. Estate of Cuppels by Miller* (1984), Ind.App., 471 N.E.2d 17, to support their contention that Shearer was required to file suit against Donley's representative within two years of the accident. Both cases are distinguishable from the present situation.

In *Pasley, supra,* the trial court granted summary judgment in favor of the deceased tortfeasor finding that the plaintiff had failed to open an estate, appoint a personal representative for the decedent and file suit against this personal representative within the two year period following the date of the accident. This court affirmed. However, in *Pasley* the deceased tortfeasor *died the day of the accident.* Thus, to have applied I.C. § 34–1–2–7 would have *diminished* the statute of limitations from two years to eighteen months. Clearly, this result is not permitted under Indiana case law. As noted earlier, the effect of I.C. § 34–1–2–7 is to *extend* the statute of limitations only, *never* to diminish it. *Emerick, Administrator, supra; Harris, supra; Bailey, supra.* Moreover, we note that *Pasley* contains no discussion or consideration of I.C. § 34–1–2–7. Thus, *Pasley* is not controlling with regard to this statute's application in the present case.

In *Langston, supra,* a claimant opened the decedent's estate and filed a negligence action against the decedent's personal representative within the two year tort statute of limitations. This court held that the claimant's negligence action was timely filed. However, *Langston* makes no mention of when the deceased tortfeasor died and contains no discussion of I.C. § 34–1–2–7. Thus, *Langston* is not helpful, let alone controlling, with regard to this statute's application in the present case.

We hold that Shearer's negligence action against Donley's estate was timely as Shearer opened Donley's estate, appointed a personal representative and moved to substitute this personal representative as the proper party defendant in the pending action within 18 months following Donley's death pursuant to I.C. § 34–1–2–7.[7] The

---

7. Additionally, the Employers note that their liability to Shearer is based solely on a theory of

respondeat superior. The Employers assert that when liability is based solely upon the doctrine

trial court erred in denying Shearer's motion to substitute Donley's personal representative and in granting summary judgment to the Employers.

## ISSUE II

▆ Finally, the Employers assert the trial court could have granted summary judgment in their favor on the ground of laches. The doctrine of laches may bar a plaintiff's claim if the defendant can show: (1) plaintiff's inexcusable delay in asserting rights, (2) plaintiff's implied waiver arising from knowing acquiesence in existing conditions, and (3) prejudice to the defendant due to the delay. *Siddall v. City of Michigan City* (1985), Ind.App., 485 N.E.2d 912; *Pickett v. Pickett* (1984), Ind.App., 470 N.E.2d 751. The mere passage of time is insufficient to establish laches as there must also be unreasonable delay and prejudice to the opposing party. *Pickett, supra.* The doctrine of laches may bar a plaintiff's claim even though the applicable statute of limitations has not yet expired if the laches are of such character as to work an equitable estoppel (which contains the additional element of reliance by the defendant). *Id.; Siddall, supra.*

To sustain their defense of laches, the Employers do not argue that they are prejudiced, but claim that Donley's estate, specifically Donley's personal representative is prejudiced. The Employers claim that Shearer's failure to open an estate for Donley, appoint a personal representative, and file suit against this personal representative immediately after learning of Donley's death prejudiced Donley's personal representative in that he was unable to aid in the defense of this case.

The first question to be resolved is whether the Employers have standing to assert the defense of laches on behalf of Donley's personal representative. Under the facts of this case it appears Donley's personal representative was never made a party defendant in this action. The trial

court did not rule on Shearer's motion to substitute Donley's personal representative as a party defendant.

Assuming the Employers have standing, the second question to be answered is whether the issue of laches was properly before the trial court. The Employers admit that they did not specifically raise the defense of laches in any pleading or motion, however, they claim the facts and essential arguments necessary for consideration of a laches defense were presented to the court at the summary judgment hearing, and cite this testimony:

▆ Shearer's Counsel:
Now there's not one thing in their memoranda, there's not one affidavit or allegation of fact which suggests that their, this substitution or amendment would in any way prejudice their defense of this case on the merits, not one word.... The Defendants have not indicated they are in any way prejudiced by the proceedings that have occurred to date, discovery as I've indicated has gone on in this case and, frankly, there's not a whole lot more to do, a couple of depositions perhaps.
(Record 115, 119).

Donley's Employer's Counsel:
There's discussion about the fact that, ask these people where they're prejudiced, well ask Mr. Lyons, the personal representative, if he's prejudiced. He's the one whose obligation it is to defend these people ... He is the person that is prejudiced. He's the one you have to look to. Most importantly though, I don't see that 29–1–14–1(f) says anything about prejudice.
(Record 120).

We do not believe that the parties argued the merits of a laches defense to the trial court. Even assuming they had, Donley's Employers have not shown actual prejudice. There is no factual basis upon which

---

of respondeat superior, the employers liability cannot exceed that of its employees, citing *Biel, Inc. v. Kirsch* (1958), 130 Ind.App. 46, 153 N.E. 2d 140. Thus, they claim if Shearer's action against Donley is barred, Shearer's action

against them is barred as well. However, we need not reach this issue as we have determined that Shearer's action against Donley is not barred.

the trial court could have concluded that Shearer's claim was barred by the doctrine of laches.

The trial court's grant of summary judgment in favor of the Employers is reversed and this cause is remanded with instructions to grant Shearer's motion to substitute Donley's personal representative as the proper party defendant in the pending action.

CONOVER, P.J., and SULLIVAN, J., concur.