John H. HASKIN, Robert Mocek, Haskin & Mocek, Appellants (Defendants),

v.

Thomas J. SULLIVAN, Appellee (Plaintiff).

No. 49A04–8904–CV–160.

Court of Appeals of Indiana, Fourth District.

Feb. 28, 1990.

Rehearing Denied April 16, 1990.

Terry L. Monday, Andrew Sulen, Jr., John H. Haskin & Associates, Indianapolis, for appellants.

Jon R. Pactor, Indianapolis, for appellee.

MILLER, Judge.

On January 12, 1988, plaintiff-appellee Tom Sullivan filed a legal malpractice action against his former attorneys, defendant-appellants John Haskin, Robert Mocek and Haskin & Mocek (Attorneys) claiming that, although Attorneys filed a personal injury action on his behalf for injuries he sustained in an automobile collision, they failed to pursue a valid workmen's compensation claim within the two (2) year statute of limitations for such a claim. Approximately two and one-half (2½) years after the accident and eight (8) months after the statute of limitations for workmen's compensation claims expired, Sullivan discharged Attorneys and Sullivan's new attorney settled the personal injury lawsuit with one of the defendants. In a summary judgment proceeding, Attorneys claimed Sullivan's settlement with a third party tortfeasor extinguished his workmen's compensation claim and, therefore, Sullivan could not maintain a malpractice action against them for failing to pursue this claim. Initially, the trial court agreed with Attorneys and granted their motion for summary judgment. However, after a hearing on Sullivan's motion to correct errors, the trial court agreed with Sullivan that his settlement with the third party did not extinguish his workmen's compensation claim, but that his claim was lost when Attorneys failed to file the claim within the applicable two (2) year statute of limitations. The trial court set aside its entry of summary judgment in favor of Attorneys, and Attorneys appeal this decision. The sole issue on appeal is whether Sullivan's settlement with the third party tortfeasor bars his legal malpractice action against Attorneys.[1]

## FACTS

Sullivan was injured in an automobile accident on January 12, 1984. In his brief, Sullivan claims he was injured while in the scope of his employment and Attorneys do not dispute this fact. After the accident, Sullivan hired Attorneys to represent him in a civil suit for his injuries. On January 7, 1986, Attorneys filed a personal injury action against three defendants in Marion County, Indiana. This cause was venued to Hamilton County, Indiana. On September 17, 1986, Attorneys withdrew their appearance as attorneys of record and attorney Mark Smith filed an appearance on Sullivan's behalf. On January 12, 1988, Sullivan filed a legal malpractice action against Attorneys alleging they were negligent because they "failed to give him proper advice regarding workmen's compensation". (R. 7). The thrust of Sullivan's complaint was that if Attorneys had properly advised him, he would have filed a workmen's compensation claim within the

---

1. We note there was no issue before the trial court as to whether Attorneys failed to exercise ordinary skill in failing to pursue the workmen's compensation claim or whether Sullivan was damaged by Attorneys' actions. The essential elements in a cause for legal malpractice are: (1) employment of the attorney (the duty); (2) failure by the attorney to exercise ordinary skill and knowledge (the breach); (3) proximate cause (causation); and (4) loss to the plaintiff (damages). *Schneider v. Wilson* (1988), Ind. App., 521 N.E.2d 1341, 1343.

two (2) year statute of limitations.[2] Since Attorneys failed to do this, Sullivan alleged his claim for compensation under the Act[3] was lost and he was damaged thereby. Attorneys filed an answer on February 25, 1988 denying the material allegations of Sullivan's complaint. Thereafter on August 17, 1988 Sullivan entered into an agreed judgment with one of the defendants in the personal injury action pending in Hamilton County.[4] On October 6, 1988 Attorneys filed a Motion for Summary Judgment claiming Sullivan's settlement with a third party tortfeasor extinguished his claim for workmen's compensation. Since Sullivan's claim was extinguished by his own actions, Attorneys claimed Sullivan could not maintain a legal malpractice action against them for failing to advise him to file the claim. Sullivan filed a brief in opposition to Attorneys' motion on December 14, 1988 arguing his claim for workmen's compensation was lost when he failed to file a claim within two (2) years after the date of the accident pursuant to I.C. § 22-3-3-3—not when he entered into the settlement with the third party tortfeasor. Sullivan argued his settlement did not bar his legal malpractice suit against Attorneys. After a hearing, the trial court granted Attorneys' Motion for Summary Judgment on January 13, 1989 finding Sullivan's settlement with the third party extinguished his workmen's compensation claim and, therefore, barred his action against Attorneys. On March 3, 1989 Sullivan filed a motion to correct errors and after a hearing on April 7, 1989, the trial court granted Sullivan's motion—vacating its entry of summary judgment in favor of Attorneys. Attorneys bring this interlocutory appeal claiming the trial court erred in setting aside the summary judgment entered in their favor.

## DECISION

■ In reviewing the denial of a summary judgment motion this court applies the same standard as the trial court. *Robinson v. Kinnick* (1989) Ind.App., 548 N.E.2d 1167; *Shearer v. Pla-Boy* (1989), Ind.App., 538 N.E.2d 247. Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits and testimony, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Robinson, supra;* Ind. Trial Rule 56(C). The party seeking summary judgment has the burden of proving there are no material issues of fact, *Wingett v. Teledyne Industries, Inc.* (1985), Ind., 479 N.E.2d 51, and, in determining whether a genuine issue of material fact exists, all materials are construed liberally in favor of the nonmovant. *Robinson, supra; Brenneman Mechanical and Electric v. First National Bank of Logansport* (1986), Ind. App., 495 N.E.2d 233, *trans. denied.* However, if the movant establishes no genuine factual issue exists, the nonmovant may not rest on the mere allegations or denials of his pleadings, but must set forth specific facts showing there is a genuine issue for trial. *Hinkle v. Niehaus Lumber Co.* (1988), Ind., 525 N.E.2d 1243.

On appeal, Attorneys claim the trial court erred in setting aside its entry of summary judgment in their favor because there are no genuine issues of material fact and they are entitled to a judgment as a matter of law. Attorneys concede that Sullivan "could have originally pursued a worker's compensation action against his employer" after the automobile accident on January 12, 1984. (Attorneys' brief, p. 6). However, Attorneys argue Sullivan's potential claim was extinguished when he entered into a settlement with a third party tortfeasor on August 17, 1988. In support of their position, Attorneys rely on IND. CODE § 22-3-2-13 which provides in pertinent part:

---

2. IND. CODE § 22-3-3-3 provides in pertinent part: The right to compensation under I.C. 22-3-2 through I.C. 22-3-6 shall be forever barred unless within two (2) years after the occurrence of the accident, ... a claim for compensation thereunder shall be filed with the worker's compensation board.

3. *See* IND. CODE § 22-3-2-1 *et seq.*

4. The Hamilton County case went to a jury and the jury returned a verdict in favor of the other two defendants on August 23, 1988.

In the event the injured employee or his dependents, not having received compensation or medical, surgical, hospital or nurses' services ..., shall procure a judgment against the other party for injury or death, which judgment is paid, *or if settlement is made with the other person either with or without suit, then the employer or the employer's compensation insurance carrier shall have no liability for payment of compensation* or for payment of medical, surgical, hospital or nurses' services.... (emphasis supplied).

Since Sullivan's potential claim for workmen's compensation has been extinguished, Attorneys argue Sullivan cannot pursue a legal malpractice action against them for failing to advise him to file a claim. In support of this position, Attorneys cite *Carrier Agency v. Top Quality Bldg. Prod.* (1988), Ind.App., 519 N.E.2d 739, where an employee was injured on the job when a loading boom he was operating came in contact with electrical wires. The employee filed a workmen's compensation claim and received an award. However, his employer had no workmen's compensation insurance. The employer and the employee, who was permitted to intervene, later brought suit against the employer's insurance company for breach of contract and negligence in failing to write the workmen's compensation insurance coverage. Meanwhile, the employee brought an action against a third party tortfeasor for negligence and breach of warranty, which action was eventually settled. The insurance company then moved for summary judgment against the employee and the employer claiming the employee's settlement with a third party tortfeasor barred any further action against it. The trial court granted this motion, but later set it aside and the insurance company appealed. On appeal, this court reversed, holding the trial erred in setting aside the summary judgment in favor of the insurance company. In reaching this conclusion, the court noted that when the employee settled with a third party tortfeasor, the employee no longer had a viable claim against the employer for workmen's compensation benefits pursuant

to I.C. § 22–3–2–13. Since the employer had no liability to the employee, the employer had no cause of action against the insurance company because the employer had not incurred damages for the company's failure to effect workmen's compensation insurance. Attorneys rely on this holding for their position that, once Sullivan settled with a third party tortfeasor, Sullivan no longer had a claim for workmen's compensation benefits and therefore, cannot maintain a legal malpractice action against them for failing to advise him to file a claim.

■ Sullivan, on the other hand, claims his settlement with a third party tortfeasor does not bar his action. Sullivan notes that his workmen's compensation claim was lost when he failed to file a claim within two (2) years after the date of the accident, pursuant to I.C. § 22–3–3–3—not when he settled with the third party tortfeasor. Sullivan claims that if Attorneys had advised him, he would have timely filed his workmen's compensation claim and would have received temporary total disability payments, compensation for permanent partial impairment and payment of his medical expenses. Instead, Sullivan argues he received nothing and is out-of-pocket approximately $35,000 for medical expenses and has lost $70,000 in income. Finally, Sullivan argues that I.C. § 22–3–2–13 and *Carrier* are inapplicable to the present case.

We agree with Sullivan that his settlement with the third party tortfeasor does not, as a matter of law, bar his legal malpractice action against Attorneys. We also agree that I.C. § 22–3–2–13 and *Carrier, supra* are inapplicable to the facts of the case before us. We note the portion of I.C. § 22–3–2–13 upon which Attorneys rely— that an employer's liability for payment of compensation under the Act terminates when the injured employee settles with a third party tortfeasor—presumes that the injured employee has a valid claim when he enters into the settlement. Here, Sullivan's claim for workmen's compensation was lost on January 13, 1986—the day after the two (2) year statute of limitations expired—not when he settled with a third

party tortfeasor on August 17, 1988. Since I.C. § 22–3–3–3 bars Sullivan's claim, I.C. § 22–3–2–13 has no application in this case. Additionally, the facts of *Carrier* are distinguishable. At the time the injured employee in *Carrier* entered into the settlement with the third party tortfeasor, he had a *valid claim* for workmen's compensation that had been properly filed. Here, when Sullivan entered into his settlement, his claim for workmen's compensation had already been lost. We hold that Sullivan's settlement with the third party tortfeasor does not, as a matter of law, bar his legal malpractice suit against Attorneys.[5] The trial court did not err in setting aside its entry of summary judgment in favor of Attorneys.

The decision of the trial court is affirmed.

CHEZEM and SHIELDS, P.JJ., concur.

---

**5.** However, we note the settlement may be relevant as to the issue of whether Sullivan was damaged by Attorneys failure to advise him to file a workmen's compensation claim. If Sullivan had properly filed a claim and received benefits under the Act, he would be required to reimburse his employer, or his employer's compensation carrier, from the proceeds of his settlement. *See,* I.C. § 22–3–2–13; *State v. Mileff* (1988), Ind.App., 520 N.E.2d 123; *Carrier, supra; Dearing v. Perry* (1986), Ind.App., 499 N.E.2d 268. However, if Sullivan would have received more under the Workmen's Compensation Act than he received under the settlement, he may be damaged.