**Sharon Walton WOODS,**
**Appellant–Petitioner,**

v.

**Oretha HARRIS, Special Administrator**
**for the Estate of Angus G. Eldridge,**
**Appellee–Respondent.**

No. 49A05–9205–CV–143.

Court of Appeals of Indiana,
Fifth District.

Oct. 7, 1992.

John F. Sullivan, Jr., Indianapolis, for appellant-petitioner.

Candace W. Trivedi, Indianapolis, for appellee-respondent.

BARTEAU, Judge.

Angus Garfield Eldridge died intestate on April 12, 1991. On May 15, 1991, forty-eight year old Sharon Walton Woods filed her Petition to Establish Paternity requesting that she be determined to be Eldridge's daughter so that she could share in the inheritance. The trial judge entered findings of fact and conclusions of law dismissing Woods's petition and granting summary judgment in favor of the Special Administrator of Eldridge's estate. We reverse.

## STATUTE OF LIMITATIONS

■ The trial judge based his determination on Ind.Code 31–6–6.1–6, the statute of limitations for establishing paternity for purposes of child support. I.C. 31–6–6.1–6 provides that a child may petition to establish paternity anytime before attaining the age of twenty (20) years, or, if the child is incompetent upon reaching age eighteen (18), within two (2) years after regaining competence. Pursuant to this statute, the trial judge determined that Woods's petition was barred due to her failure to establish paternity before her twentieth (20th) birthday. The trial court erroneously relied upon I.C. 31–6–6.1–6.

In *Matter of Estate of Edwards* (1990), Ind.App., 562 N.E.2d 763, this court held that the time limitation contained in I.C. 31–6–6.1–6 was inapplicable to statutes relating to proof of heirship and inheritance rights because they are not in pari materia. *See also Solomon v. Fenton* (1969), 144 Ind.App. 100, 244 N.E.2d 228. The only time limitation affecting establishment of paternity for heirship and inheritance purposes is contained in I.C. 29–1–2–7(b) which provides:

(a) For the purpose of inheritance (on the paternal side) to, through, and from a child born out of wedlock, the child shall be treated as if the child's father were married to the child's mother at the time of the child's birth, if:

(1) the paternity of the child has been established by law in a cause of action that is filed:

(A) during the father's lifetime; or

(B) within five (5) months after the father's death;

Because Woods filed her petition within five (5) months of Eldridge's death, the trial court erred when it dismissed her petition.

■ The Special Administrator of Eldridge's estate contends that even if the trial court's statute of limitation ruling is erroneous, the decision is supportable on two additional grounds: (1) laches; and (2) insufficient evidence to establish paternity. These additional grounds were presented to the trial court in support of the Special Administrator's motion for summary judgment but were not addressed in the trial court's *sua sponte* findings of fact. They are nevertheless available on appeal because we are not limited to reviewing the trial court's reasons for granting summary judgment, but may affirm a grant of summary judgment if it is sustainable on any theory or basis found in the record. *Stephenson v. Ledbetter* (1992), Ind., 596 N.E.2d 1369, 1371. *Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154.

On an appeal from a summary judgment, we apply the same standard applicable in the trial court. *Malachowski v. Bank One, Indianapolis* (1992), Ind., 590 N.E.2d 559, 562. We must determine whether the record reveals a genuine issue of material fact and whether the trial court correctly applied the law. *Shuamber v. Henderson* (1991), Ind., 579 N.E.2d 452, 454. Rational assertions of fact and reasonable inferences therefrom are deemed to be true, and any doubt as to a fact, or an inference to be drawn, is resolved in favor of the nonmoving party. *Malachowski*, 590 N.E.2d 559.

■ In the case before us, unresolved questions of fact remain precluding summary judgment on the grounds of either laches or sufficiency of the evidence. "Laches requires the presence of three elements: (1) inexcusable delay in asserting a right; (2) an implied waiver arising from knowing acquiescence in existing conditions; and (3) a change in circumstances causing prejudice to the adverse party." *Matson v. Matson* (1991), Ind.App., 569 N.E.2d 732, 733. "Laches is an affirmative defense and the party raising such a defense has the burden of proof by a preponderance of the evidence. The mere passage of time alone is not sufficient to support a defense of laches." *Clay v. State* (1987), Ind., 508 N.E.2d 800 (citing *Twyman v. State* (1984), Ind., 459 N.E.2d 705). Whether Woods's delay was inexcusable, whether she knew that she had the right to maintain a paternity proceeding to establish inheritance rights, and whether El-

dridge's death created insurmountable prejudice are just a few of the many as yet unresolved questions of fact precluding summary judgment. Likewise, the Special Administrator's sufficiency of the evidence argument must fail. Affidavits presented by Woods in support of her petition were sufficient to raise an issue of material fact. Consequently, this case is reversed and remanded for trial on the merits of Woods's petition to establish paternity.

REVERSED AND REMANDED.

RUCKER and GARRARD, JJ., concur.