**Robert D. HABIG and Elaine Habig, Appellants–Plaintiffs,**

**v.**

**Gilbert "Mike" BRUNING, Jack Samuelson and Samuelson–Bruning Engineering and Construction, Inc., Appellees–Defendants.**

No. 29A02–9208–CV–355.

Court of Appeals of Indiana, Second District.

May 5, 1993.

Transfer Denied July 7, 1993.

Brett J. Miller, Lewis & Kappes, Indianapolis, for appellants-plaintiffs.

Reid Nelson, Hume, Smith, Geddes & Green, Indianapolis, for appellees-defendants.

SHIELDS, Judge.

Robert and Elaine Habig appeal the trial court's summary judgment in favor of Gilbert Bruning, Jack Samuelson, and Samuelson–Bruning Engineering and Construction, Inc. (hereinafter "Bruning"). We reverse.

### ISSUES

1. Did the trial court err in determining that the Habigs' claim was barred by the statute of limitations?

2. Did the trial court err in determining that the Habigs' claim was barred by the doctrine of laches?

### FACTS

The facts construed most favorably to the Habigs, as the nonmoving party to a motion for summary judgment, are as follows. On November 5, 1983, the Habigs contracted with Bruning to build an additional room onto their home. The addition was completed on December 29, 1983.

In early 1984, the Habigs noticed leakage around the skylights in the addition. This leakage did not cause any structural damage to the Habigs' real property. Over time, more severe leaks developed along the addition's east and west roof valleys and over its south wall. The Habigs first noticed the structural damage to their home caused by these leaks in the spring of 1987 when the winter snow melted from the roof.

The Habigs repeatedly complained to Bruning regarding the problems with the addition, initially concerning the leaky sky-

lights and eventually concerning the leaking roof and resulting structural damage. They finally filed a complaint against Bruning on January 10, 1991, alleging breach of contract, breach of warranty of habitability, and breach of warranty of workmanship. Bruning filed a motion for summary judgment, alleging that the Habigs' claim was barred by the applicable statute of limitations because it was filed more than six years after the addition was completed, or, in the alternative, that their claim was barred by the doctrine of laches. The trial court granted Bruning's motion, apparently on both grounds.[1] The Habigs appeal.

### DISCUSSION

■ Summary judgment is appropriate if "the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind.Trial Rule 56(C). The moving party bears the burden of proving the lack of a genuine issue of material fact, and any doubt must be resolved in favor of the nonmoving party. *Oelling v. Rao* (1992), Ind., 593 N.E.2d 189, 190. Once the moving party has sustained its burden, however, the nonmovant "may not rest upon the mere allegations or denials in his pleadings, but must respond by setting forth specific facts showing that there is a genuine issue for trial." *Id.; see also* T.R. 56(E). On appeal from the granting of summary judgment, we apply the same standard as the trial court, *Babcock v. Lafayette Home Hosp.* (1992), Ind.App., 587 N.E.2d 1320, 1323; thus, we must determine whether the designated materials in the record demonstrate that a genuine issue of material fact exists regarding the expiration of the statute of limitations for and/or the application of the doctrine of laches to the Habigs' claim.

### I.

■ In its judgment, the trial court found that the six-year statute of limitations applicable to the Habigs' cause of action, IC 34–1–2–1 (1988),[2] began to run in December, 1983, when the room addition was completed, because "[a] cause of action accrues when damage is first produced by a wrongful act or omission." Record at 334 (citing *Bailey v. Martz* (1986), Ind. App., 488 N.E.2d 716). While the quoted language does appear in dicta in *Bailey,* a tort case, it is not a correct statement of the law governing tort cases today; instead, the discovery rule is applied to determine when a cause of action accrues.

Our supreme court first expressly applied the discovery rule in *Barnes v. A.H. Robins Company, Inc.* (1985), Ind., 476 N.E.2d 84. *Barnes* involved a certified question of state law from the United States Seventh Circuit Court of Appeals to our supreme court. The question certified to the court was "[w]hen does a cause of action accrue within the meaning of the [IC 34–1–2–2 (1988) and IC 33–1–1.5–5 (1988), statutes of limitation] when the injury to the plaintiff is caused by a disease which may have been contracted as a result of protracted exposure to a foreign substance?" *Barnes,* 476 N.E.2d at 85. Our supreme court responded:

> We find that in [such cases], a discovery type rule should be applied, and the statute of limitations in such causes commences to run from the date the plaintiff knew or should have discovered that she suffered an injury or impingement, and

---

**1.** In its order, the trial court finds both that "Plaintiffs did not file suit until January 10, 1991, after the statute of limitations had expired" and "Plaintiffs delayed an unreasonable period of time in asserting their rights against Defendants, which delay resulted in prejudice to the Defendants and an implied waiver of Plaintiffs' rights." We assume, as do the parties, that the latter finding is a finding that the Plaintiffs' claim is barred by the doctrine of laches, and will treat it as such, even though the court did not make an express finding in that regard.

**2.** IC 34–1–2–1 reads:

> The following actions shall be commenced within six (6) years after the cause of action has accrued, and not afterwards.
>
> \* \* \* \* \* \*
>
> Third. For injuries to property other than personal property, damages for any detention thereof, and for recovering possession of personal property.

that it was caused by the product or act of another.

*Id.* However, the court specifically limited its holding to the precise factual pattern related by the certified question.

The next relevant case was *Burks v. Rushmore* (1989), Ind., 534 N.E.2d 1101, a state court defamation case. In *Burks,* our supreme court interpreted the phrase "after the cause of action accrued" in IC 34–1–2–2 (1988)[3] to require application of the discovery rule. In so doing, the *Burks* court recognized a degree of divergence in the case law, but proclaimed that:

> [T]he rule in Indiana has been generally understood to be that a cause of action accrues when the resultant damage of a negligent act is ascertainable or by due diligence could be ascertained.

*Burks,* 534 N.E.2d at 1104 (quoting *Barnes,* 476 N.E.2d at 86). The court further noted that, while it had refused "to go beyond the scope of the certified question [presented in *Barnes* ], [it] did not in *Barnes* offer any rationale suggesting that the discovery rule was necessarily inappropriate in other contexts." *Id.*

Finally, in *Wehling v. Citizens Nat. Bank* (1992), Ind., 586 N.E.2d 840, our supreme court expanded its application of the discovery rule to all tort actions. *Wehling* involved, in part, a suit by property owners against a bank for negligently recording a deed to the owners' real estate and failing to escrow and pay real estate taxes thereon. The supreme court, in reversing the grant of summary judgment in favor of the bank, held:

> [T]he cause of action of a tort claim accrues and the statute of limitations begins to run when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another.

*Wehling,* 586 N.E.2d at 843.

■ Thus, the state of the law in Indiana is that a tort action accrues and the applicable statutes of limitations begin to run when the injured party knows or, in the exercise of ordinary diligence, could have known, that he or she had sustained an injury.

■ The statute of limitations applicable to the Habigs' claim for damage to real property caused by breach of contract and warranty, found in IC 34–1–2–1, contains language identical to that found in IC 34–1–2–2 and interpreted in *Burks* and *Wehling.* Both statutes of limitation contain the introductory clause, "[t]he following actions shall be commenced ... after the cause of action has accrued." As the legislature chose the same language for both statutes, we are compelled to conclude it had the same intent in enacting the respective provisions and we must interpret both statutes in the same manner. Further, the policy underlying the discovery rule, that "it is inconsistent with our system of jurisprudence to require a claimant to bring his cause of action in a limited period in which, even with due diligence, he could not be aware a cause of action exists," *Barnes,* 476 N.E.2d at 86, is as applicable to actions "for injuries to property other than personal property," IC 34–1–2–1, as it is for "injuries to personal property," IC 34–1–2–2(1).

There is an additional reason why the discovery rule necessarily applies to actions within the scope of IC 34–1–2–1. *Wehling* expressly held that the discovery rule applies to tort claims, which could be governed by either IC 34–1–2–1 or IC 34–1–2–2, depending on whether the damage involved was done to personal property or "property other than personal property." The cause of action in *Wehling* involved personal property and IC 34–1–2–2(1). *Wehling,* 586 N.E.2d at 842. However, its holding, applicable to all tort claims, would apply to a tort claim involving real property and governed by IC 34–1–2–1. It would be wholly incongruous to interpret IC 34–1–2–1 as requiring the discovery rule in tort cases but not in other cases covered by the particular statute of limitations.

---

**3.** IC 34–1–2–2 includes the statute of limitations for actions involving damage to personal property.

Thus, logic compels us to hold that the Habigs' claim accrued, and the statute of limitations began to run, when the Habigs "knew, or in the exercise of ordinary diligence, could have discovered," that their real property had been damaged by Bruning's breach of warranty and/or contract. Under the discovery rule, the Habigs have sustained their burden of putting forth specific facts in their designated materials which establish a genuine issue of material fact regarding when their cause of action accrued. In his affidavit, Robert Habig asserts that it was not until the spring of 1987 that he noticed the leakage along the east and west roof valleys and the roof over the south wall which caused the structural damage which is the basis of their claim, and that this leakage is separate from the leaks around the skylight, which occurred almost immediately after the room addition was completed. The Habigs also designated the affidavit of a construction expert, Keith Trump, who asserts that deficiencies in the design and construction of the room addition have caused leakage to develop "over time." Taken together, these assertions are sufficient to raise a factual dispute regarding when the Habigs, in the exercise of due diligence, could have discovered the damage to their real property allegedly caused by Bruning. Thus, the grant of summary judgment against the Habigs on the grounds that their claim was barred by the statute of limitations constitutes error.

## II.

The Habigs also argue that the trial court erred in granting summary judgment in favor of Bruning on the ground that their claim was barred by the doctrine of laches. Again construing the facts most favorably to the nonmoving party, the earliest the Habigs reasonably could have been expected to file their claim would have been in the spring of 1987; they filed their claim on January 10, 1991. Thus, assuming the Habigs will prove at trial that their claim accrued in the spring of 1987, we must determine whether, as a matter of law, this delay of less than four years constitutes laches.

"The doctrine of laches may bar a plaintiff's claim if the defendant can show: (1) plaintiff's inexcusable delay in asserting his or her rights, (2) plaintiff's implied waiver arising from knowing acquiescence in existing conditions, and (3) prejudice to the defendant due to the delay." *Shearer v. Pla–Boy, Inc.* (1989), Ind.App., 538 N.E.2d 247, 254 (citations omitted). The mere passage of time is insufficient; the defendant must also show that the plaintiff's delay was unreasonable and that the defendant was prejudiced as a result. *Id.* "The doctrine of laches may bar a plaintiff's claim even though the applicable statute of limitations has not yet expired if the laches are of such character as to work an equitable estoppel (which contains the additional element of reliance by the defendant)." *Id.* (citing *Siddall v. City of Michigan City* (1985), Ind.App., 485 N.E.2d 912; *Pickett v. Pickett* (1984), Ind.App., 470 N.E.2d 751). Here, several issues of fact must be resolved in order to determine whether the doctrine of laches may properly be invoked to bar the Habigs' claim: whether the Habigs' delay (after their cause of action accrued) was inexcusable; whether the Habigs acquiesced in the alleged deficiencies in their room addition; whether the Habigs' delay prejudiced Bruning; and, whether Bruning relied to their detriment on the Habigs' failure to file a claim earlier. Hence, it was error for the trial court to grant summary judgment on the issue of laches. *See Woods v. Harris* (1992), Ind.App., 600 N.E.2d 163, 164–65.

Judgment reversed and cause remanded for further proceedings.

SHARPNACK, C.J., and FRIEDLANDER, J., concur.