Garland SHAFER and Arlene Hudson, Appellants,

v.

Ralph A. LAMBIE and Crumstown Tavern, Inc., Appellees.

No. 71A03–9506–CV–206.

Court of Appeals of Indiana.

July 9, 1996.

Donald E. Wertheimer, South Bend, for appellants.

Joseph L. Amaral, Gregg A. Hixenbaugh, Hammerschmidt, Amaral & Jonas, South Bend, for appellees.

## OPINION

STATON, Judge.

Garland Shafer and Arlene Hudson appeal from the trial court's judgment in favor of

Ralph A. Lambie and Crumstown Tavern, Inc. Shafer and Hudson present four issues for appellate review which we consolidate into three and restate as follows:

 I. Whether Lambie's claim is barred by the statute of limitations.

 II. Whether Lambie's claim is barred by the equitable doctrine of laches.

 III. Whether Lambie is barred from receiving certain funds based upon admissions made during a pre-trial conference.

We remand.

The facts most favorable to the judgment reveal that in September 1975, Lambie and his uncle, Lewis E. Williams ("Williams"), executed a real estate contract, a security agreement, a bill of sale, and a promissory note for purchase of certain real estate which contained a restaurant and tavern operated as the Crumstown Tavern. Thereafter, Williams and Lambie fulfilled the necessary formalities and formed a corporation, Crumstown Tavern, Inc. Each owned a one-half share in the corporation including a 50/50 share of corporate stock. In exchange for his one-half ownership interest, Lambie agreed to work in the tavern as a bartender for one year and signed a promissory note for the balance of the purchase price.

Lambie and Williams jointly operated the tavern from October 1975 through September 1976. During that time, Lambie worked on a daily basis as a bartender. Thereafter, a dispute arose between the parties. Williams informed Lambie that he wanted to end their business relationship and approached Lambie about turning over his interest in the tavern. Lambie refused and from September 1976 through September 1982, Williams ran the business alone and did not pay Lambie for his interest in either the tavern or the corporation.

In September 1982, Michael and Beverly Wise (collectively "Wise") assumed control of the tavern. In early 1983, Williams, as sole stockholder and officer of Crumstown Tavern, Inc., signed an agreement and a contract of sale of the tavern to Wise. Both the agreement and the sale contact were back-dated to September 1, 1982, when Wise assumed control of the tavern. In exchange for the property, Wise agreed to pay Williams $750.00 for 120 months for a total sales price plus interest of $90,000.

Williams died intestate in October 1987 and at the time of his death, Williams had received payments totaling $47,250 from Wise. In November 1987, Wise began making the monthly payments to Shafer and then to Hudson and Shafer, Williams' sisters, who, at the time, were aware of Lambie's interest in the tavern. From November 1987 through September 1989, Shafer and Hudson received $17,250 in payments from Wise.

In December 1988, Lambie filed a complaint against Wise and Shafer and Hudson, claiming that Williams' sale to Wise was fraudulent and sought the imposition of a constructive trust on the proceeds of the sale.[1] In July 1989, Crumstown Tavern, Inc. was dissolved by the Secretary of State for failure to file annual reports. A receiver was appointed in September 1989 who received Wise's monthly payments.

In February 1991, Wise filed a motion for summary judgment, claiming that Lambie's complaint was barred by the six-year statute of limitations under IC 34–1–2–1. The trial court denied the motion, finding that the applicable statute of limitations was ten years under IC 34–1–2–3. In June 1993, Shafer and Hudson filed a subsequent motion for summary judgment, again claiming that Lambie's claim was barred by the six-year statute of limitations which the trial court also denied. A bench trial was held in December 1994.[2]

On February 21, 1995, the trial court entered extensive findings of fact and conclusions of law. The trial court determined that Lambie did not transfer his ownership interest in the real estate, business assets or corporate stock. Thus, as a fifty percent owner of Crumstown Tavern, Inc. at the time of its dissolution, Lambie was entitled to his share of the profits from the sale of the

---

1. Hudson was added as a defendant in May 1991.

2. By written stipulation of the parties, Wise was dismissed from this action in October 1992.

corporate assets, less payment of the corporate debts. The trial court further found that Williams, as a director and shareholder, had a fiduciary duty to Lambie, and that his sale of the corporate assets constituted constructive fraud. The trial court also determined that given their awareness of Lambie's interest, Shafer and Hudson's retention of payments from Wise constituted constructive fraud as well.

As a result, the trial court ordered as follows:

1. A constructive trust in favor of Plaintiff Ralph Lambie is hereby imposed upon all sums presently held in the escrow account of Receiver Dennis M. Brennan.

2. Receiver Dennis M. Brennan is ordered to transfer all sums presently held in the Receiver's escrow account, less the reasonable Receiver's fee of $1,428.00 to Ralph Lambie upon his receipt of this Judgment.

3. Ralph Lambie shall have and recover a money judgment in his favor in the amount of $17,250.00 plus prejudgment interest at 8% per annum from November 30, 1987 to this date in the amount of $9,977.59, for a total judgment of $27,227.59 against Defendants Garland Shafer and Arlene Hudson, with said Defendants being jointly and severally liable for the same.

\* \* \* \*

Record at 503–04.

■ Lambie requested specific findings and conclusions of law. When a party has requested specific findings of fact and conclusions thereon pursuant to Ind. Trial Rule 52(A), the reviewing court cannot affirm the judgment on any legal basis; rather, this Court must determine whether the trial court's findings are sufficient to support the judgment. *Vanderburgh County Board of Commissioners v. Rittenhouse,* 575 N.E.2d 663, 665 (Ind.Ct.App.1991), *trans. denied.* In reviewing the judgment, we must first determine whether the evidence supports the findings and second, whether the findings support the judgment. *Id.* The judgment will be reversed only when clearly erroneous, i.e.,

when the judgment is unsupported by the findings of fact and conclusions entered on the findings. *DeHaan v. DeHaan,* 572 N.E.2d 1315, 1320 (Ind.Ct.App.1991), *trans. denied.* Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them. *Id.* To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *Id.*

## I.

### Statute of Limitations

Shafer[3] contends that the trial court erred in determining that Lambie's action for a constructive trust was not barred by the statute of limitations. Shafer argues that Lambie's action is based in fraud which is subject to a six-year statute of limitations. Lambie counters that actions for the imposition of a constructive trust are subject to a ten-year statute of limitations.

■ IND.CODE § 34–1–2–1 (1993) provides that all actions for relief against fraud shall be commenced within six years after the cause of action has accrued. A constructive trust is a fiction of equity, devised for the purpose of making equitable remedies available against one who through fraud or other wrongful means acquires property of another. *Huff v. Biomet, Inc.,* 654 N.E.2d 830, 837 (Ind.Ct.App.1995). Thus, fraud, either actual or constructive, is a prerequisite to the imposition of a constructive trust. *Id.* As a result, constructive trusts are subject to the six-year statute of limitations for fraud. *See Given v. Cappas,* 486 N.E.2d 583, 592 (Ind.Ct.App.1985), *trans. denied; Forth v. Forth,* 409 N.E.2d 641, 643 (Ind.Ct.App. 1980), *reh. denied.*

Without addressing this precedent, Lambie counters that the trial court was correct in determining that claims for constructive trusts fall within the ten-year "catchall" statute of limitations of IND.CODE § 34–1–2–3.

---

3. We now refer to Shafer and Hudson collectively as Shafer.

He relies upon *Taylor v. Calvert,* 138 Ind. 67, 37 N.E. 531 (1894) for support.

In *Taylor,* a guardian acquired a note and mortgage on certain real estate to satisfy a debt owed by the mortgagor to the guardian's wards. This real estate was then sold in a sheriff's sale and the guardian acquired the certificate of purchase before the year of redemption expired. *Id.* at 69, 37 N.E. 531. The guardian did nothing to protect the purchase on behalf of his wards, and when the wards reached the age of majority, the guardian claimed title to the land in his own name. *Id.* The wards filed suit, seeking the deed be set aside, that they be allowed to redeem the sale, and that the mortgage be foreclosed. *Id.* at 80, 37 N.E. 531. Noting that a redemption action has a fifteen-year statute of limitations and that this was an action to enforce a constructive trust which grew out of a fiduciary relation, the court indicated that the wards' claim was subject to a fifteen-year statute of limitations.[4] *Id.* at 82, 37 N.E. 531. The court concluded that the fifteen-year statute would not begin to run until the guardian was discharged from his trust and began to claim title to himself adversely to the trust. *Id.*

Based upon *Taylor,* Lambie broadly states that the imposition of a constructive trust falls under the catchall statute and must be filed within ten years. However, since *Taylor,* this court has clarified the applicability of these differing statutes in the context of constructive trusts. In *Ballard v. Drake's Estate,* 103 Ind.App. 143, 5 N.E.2d 671, 675 (1937), the court set forth a rule governing which statute is applicable to claims for constructive trusts. The court instructed:

> The statute which provides that actions for relief against frauds shall be brought within six years applies to actions the immediate and primary object of which is to obtain relief from fraud, and not to actions which fall within some other class, even though questions of fraud may arise incidentally.

*Id.* (quoting *Wilson et al. v. Brookshire,* 126 Ind. 497, 25 N.E. 131 (1890), *reh. denied* ). The court noted that the six-year statute of limitations applies to cases where the trustee

has been guilty of fraud. The court stated that the fifteen-year statute of limitations has been applied in constructive trust cases such as *Taylor* where the purpose of which is to remove the trustee from all temptation and opportunity to commit fraud. *Id. See also Miladin v. Istrate,* 125 Ind.App. 46, 119 N.E.2d 12, 17 (1954), *reh. denied,* 125 Ind. App. 46, 119 N.E.2d 901 (six-year statute applies to actions for relief from fraud, not to actions to recover possession of real estate where fraud may have to be shown to refute a defense).

Here, Lambie sought a constructive trust with the immediate and primary objective to obtain relief from Williams' past fraudulent acts; thus, his claim is subject to six-year statute of limitations set forth in IC 34–1–2–1. *Ballard, supra; Given, supra.* Because the six-year statute of limitations applies, we must now address whether Lambie's claim was timely filed.

Shafer argues that Lambie's claim is barred because he knew of Wise's possession of the tavern as well as Wise's intent to purchase the property in September 1982 and thus, his complaint, filed in December 1988, was not timely filed. Shafer further contends that the six-year statute cannot be tolled based upon concealment since Lambie was aware of the transaction in September 1982. Lambie counters that his claim was timely filed because the statute was not triggered until Williams executed the transaction with Wise in January 1983, and thus, the six-year limitation would not have run until 1989.

■ In assessing the accrual of a cause of action under IC 34–1–2–1, this court has determined that the discovery rule is applicable. *See Reasor v. Putnam County,* 615 N.E.2d 131, 138 n. 1 (Ind.Ct.App.1993), *vacated on other grounds,* 635 N.E.2d 153 (Ind. 1994), *reh. denied* (citing *Habig v. Bruning,* 613 N.E.2d 61 (Ind.Ct.App.1993), *trans. denied* ). The cause of action accrues and the statute of limitations begins to run when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of a tortious act of another. *INB Nat'l Bank v.*

---

4. The catchall statute of limitations was formerly fifteen years.

*Moran Electric Service, Inc.,* 608 N.E.2d 702, 708 (Ind.Ct.App.1993), *trans. denied.* Thus, the statute runs when the resultant damage of a tortious act is susceptible of ascertainment. *Id.*

Because the trial court applied a ten-year statute of limitations, the findings of fact and conclusions of law do not reflect any evidence as to when Lambie knew, or should have known, of Williams' transaction with Wise. These facts are now crucial to a determination under the six-year statute of limitations. When a party requests special findings of fact and conclusions thereon, we cannot affirm the judgment on any legal basis but must determine whether the court's findings are sufficient to support the judgment. *Vanderburgh, supra.* Because we are bound by these findings, we are unable to determine when Lambie learned of the fraudulent sale or in the exercise of ordinary diligence, he could have discovered the sale, and thus, if his subsequent cause of action was filed within the six-year statute of limitations. Accordingly, we must remand this case to the trial court for a determination under the six-year statute of limitations. Nevertheless, in the interest of judicial economy, we address the other issues Shafer raises on appeal.

## II.

### *Laches*

 Shafer next contends that Lambie's claim is barred by the equitable doctrine of laches.[5] The issue of laches is viewed as a question of fact to be resolved by the trial court in the exercise of its sound discretion from the facts and circumstances of each case. *Ball v. Ind. Dep't of Revenue,* 563 N.E.2d 522, 525 (Ind.1990). The decision of the trial court will not be disturbed on appeal absent an abuse of discretion. *Id.*

 Laches is comprised of three elements: (1) inexcusable delay in asserting a known right; (2) an implied waiver arising from knowing acquiescence in existing conditions; and (3) a change in circumstances causing prejudice to the adverse party. *Coffin v. Hollar,* 626 N.E.2d 586, 589 (Ind.Ct. App.1993). A mere lapse in time is insufficient; unreasonable delay which causes prejudice or injury is necessary. *Id.* (quotation omitted).

 The doctrine of laches may bar a plaintiff's claim even though the applicable statute of limitations has not yet expired if the laches are of such character as to work an equitable estoppel (which contains the additional element of reliance by the defendant). *Shearer v. Pla–Boy, Inc.,* 538 N.E.2d 247, 254 (Ind.Ct.App.1989). Thus, even if the trial court finds that Lambie's claim was filed within the six-year statute of limitations, we must consider whether, as a matter of law, his delay of approximately six years constitutes laches. *See Habig, supra,* at 65.

 Shafer argues that the three elements of laches exist. He argues that Lambie was aware of Williams' transaction with Wise in September 1982 but delayed filing his lawsuit until December 1989. Despite this knowledge, Lambie failed to assert his interest in the tavern from the time he left the business in 1976 until he filed suit in 1989 and he failed to demand his right to dividends, profits, rent or proceeds from the sale; all of which constitute waiver. Shafer then states that this delay has caused undue prejudice as Williams' death deprived them of "valuable testimony concerning the relationship between Williams and Lambie, and concerning whether Lambie fulfilled the terms of his agreement with Williams." Appellant's Br. at 33.

Lambie does not dispute that the issue of laches was before the court and the trial court's pre-trial order included Shafer's contention that Lambie's claim was barred by laches. Moreover, counsel raised the issue of laches at the end of the bench trial. Fur-

5. Shafer also contends that Lambie's inaction constituted a ratification of Williams' transaction with Wise and that this ratification barred his claim. However, Shafer did not raise the defense of ratification in the pleadings nor was it listed as a contention in the trial court's pre-trial order. Furthermore, Shafer failed to incorporate a ratification defense in his proposed findings of fact and conclusions tendered to the court. A party may not raise an issue on appeal that was not raised in the trial court. *Babinchak v. Town of Chesterton,* 598 N.E.2d 1099, 1103 (Ind.Ct.App.1992), *reh. denied.* Accordingly, Shafer's ratification argument has been waived.

thermore, the record reveals that Shafer presented evidence that Lambie stopped working in the tavern in 1976 and from 1976 through 1981, Lambie did not assert his interests in the tavern or corporation. Then, from September 1982 through December 1982 and from 1983 through 1987, *after* he learned that Wise had taken over the bar from Williams, he never filed a claim against Williams or Wise for his interest in the tavern.[6]

Notwithstanding this evidence, the trial court's findings of fact and conclusions of law are silent on the issue of laches. The purpose of making special findings is to provide the parties and reviewing courts with the theory upon which the judge decided the case so that the right of review for error might be effectively preserved. *Willett v. Clark*, 542 N.E.2d 1354, 1357 (Ind.Ct.App. 1989). Given this evidence, the issue of laches appears to be a viable defense to Lambie's claim and without any findings to support its denial, we are unable to give the trial court's judgment meaningful review. As a result, we remand this case for the entry of specific findings of fact regarding the issue of laches. *See id.* (absent findings which disclose a valid basis for the denial of defendant's counterclaim, this court must reverse and remand for special findings of the issue).

### III.

#### *Pre-trial Admissions*

Finally, Shafer contends that Lambie admitted during the pre-trial conference that the only monies subject to his claim were those held by the Receiver, and therefore, his demand for, and the trial court's award of, a direct money judgment was in error.

■■■ However, the record of proceedings does not contain a transcript of the evidence from the pre-trial conference and Shafer was unable to supplement the record on appeal as these proceedings were not made a part of the trial court's record.

Thus, there is no record from the pre-trial conference. Matters outside the record cannot be considered by the court on appeal. *Zapffe v. Srbeny*, 587 N.E.2d 177, 180 (Ind. Ct.App.1992), *trans. denied.* We must decide the case on the record before us, and we will not speculate as to the actual facts of a case. *Id.* Accordingly, we cannot consider Shafer's claim regarding Lambie's statements during the pre-trial conference.[7]

Moreover, the trial court's pre-trial order does not contain any stipulation or agreement by Lambie that he was only entitled to monies held by the receiver; thus, the issue of additional relief was still before the court. *Id.; See also Ind. Stream Pollution Control Bd. v. Tippecanoe Sanitary Landfill, Inc.*, 511 N.E.2d 473 (Ind.Ct.App.1987), *reh. denied* (pre-trial order did not narrow issues established in the pleadings and thus, order could not eliminate issue of plaintiffs' claim at trial).

Remanded.

HOFFMAN and CHEZEM, JJ., concur.

---

6. Shafer fails to include marginal notations in the transcript of the evidence. We direct appellant's counsel's attention to Ind. Appellate Rule 7.2(A)(3)(a) which provides that, "Notations shall be made on the margin of each page of the transcript of the evidence indicating the name of each witness, and whether the examination is direct, cross, or redirect."

7. In such instances, a party may prepare a Statement of the Evidence of proceedings from the best available means, including one's recollection, submit the statement to the trial court for approval, and if approved, that statement may be included in the record on appeal. *See* Ind. Appellate Rule 7.2(A)(3)(c). Neither party filed a Statement of the Evidence in this case.