**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 15 2013, 9:18 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**PATRICK D. SOVINSKI**
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF PATRICIA SOVINSKI and PATRICK SOVINSKI, | ) ) ) ) | |
| PATRICK SOVINSKI, | ) ) | |
|     Appellant-Respondent, | ) ) | |
|       vs. | ) ) | No. 32A01-1303-DR-101 |
| PATRICIA SOVINSKI, | ) ) | |
|     Appellee-Petitioner. | ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Robert W. Freese, Judge
Cause No. 32D01-9803-DR-32

**October 15, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Patrick Sovinski (Father) appeals an order for the educational support of his son, Connor. We affirm.

## FACTS AND PROCEDURAL HISTORY

Father and Patricia Sovinski (Mother) divorced on July 14, 2000. One child was born of the marriage, Connor Sovinski, born March 12, 1992. On August 12, 2012, Mother filed a petition for post-secondary educational support for Connor. On February 13, 2013, the trial court held a hearing and subsequently issued an order finding Father to be responsible for $45,000.00 of Connor's post-secondary educational expenses, Mother to be responsible for $22,500.00 of Connor's post-second educational expenses, and Connor responsible for the remaining balance.

## DISCUSSION AND DECISION

We first note Father proceeds in this appeal *pro se*. A litigant who proceeds *pro se* is held to the same established rules of procedure that trained counsel is bound to follow. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*, *cert. dismissed*. One risk a litigant takes when he proceeds *pro se* is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Id*. When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of his appeal. *Foley v. Mannor*, 844 N.E.2d 494, 502 (Ind. Ct. App. 2006).

Additionally, we note Mother did not file a brief. When an appellee does not submit a brief, we do not undertake the burden of developing arguments for that party. *Thurman v.*

*Thurman*, 777 N.E.2d 41, 42 (Ind. Ct. App. 2002). Instead, we apply a less stringent standard of review and may reverse if the appellant establishes prima facie error. *Id*. *Prima facie* error is "error at first sight, on first appearance, or on the face of it." *Van Wieren v. Van Wieren*, 858 N.E.2d 216, 221 (Ind. Ct. App. 2006).

On appeal, Father argues:

> The judge did not review all documentation provided by [Father], nor was sufficient documentation provided by the former spouse, [Mother] to make a fair decision. Financial obligation and burden has come to rest solely on the [Father] at the present time, as [Mother] is not paying nor responsible for any Federal Parent Plus loans taken on behalf of son, [Connor].

(Br. of Appellant at 2.) However, fatal to Father's appeal is his non-compliance with the Indiana Rules of Appellate Procedure.

Father did not file an appendix, as required by Ind. Appellate Rule 49(a), to provide us copies of the parts of the record that would help us review the issues he raised. Nevertheless, Father attached multiple items to his Notice of Appeal that were not admitted into evidence before the trial court. We are not permitted to review items that were not before the trial court. *See Shafer v. Lambie*, 667 N.E.2d 226, 231 (Ind. Ct. App. 1996) (matters outside the record cannot be considered by the court on appeal).

Nor did he heed the requirements of App. R. 46(A)(8)(a), which states: "The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to authorities, statutes, and the Appendix or parts of the Record on Appeal relied upon[.]" Failure to present a cogent argument results in waiver of the issue on appeal. *Hollowell v. State*, 707 N.E.2d 1014, 1025

3

(Ind. Ct. App. 1999). Father's brief contains no citation to the record or transcript. Additionally, he cites no case law or statute to support his contentions.

Because Father's failure to follow the Indiana Rules of Appellate Procedure has made it impossible for us to address the issue he raised, Father's arguments are waived. *See, e.g., Viccaro v. City of Fort Wayne*, 449 N.E.2d 1161, 1162 n.1 (Ind. Ct. App. 1983) (court will, at its discretion, waive issues when parties commit flagrant violations of the Indiana Rules of Appellate Procedure). Accordingly, we affirm the judgment of the trial court.

Affirmed.

BAILEY, J., and BRADFORD, J., concur.