

FILED

Mar 10 2017, 9:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Lori B. Schmeltzer
Schmeltzer Law PLLC
Traverse City, Michigan

ATTORNEY FOR APPELLEE

Kristina J. Jacobucci
Newby, Lewis, Kaminski & Jones,
LLP
La Porte, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Imre L. Falatovics,

*Appellant-Respondent,*

v.

Amy L. Falatovics,

*Appellee-Petitioner*

March 10, 2017

Court of Appeals Case No.
46A04-1605-DR-1161

Appeal from the La Porte Superior
Court

The Honorable Michael S.
Bergerson, Judge

Trial Court Cause No.
46D01-1302-DR-59

**Crone, Judge.**

## Case Summary

[1] For the third time, this matter comes before us for review. Imre L. Falatovics
("Husband") and Amy L. Falatovics ("Wife") were divorced. Following the

issuance of the dissolution decree, Wife filed an appeal and Husband filed an Indiana Trial Rule 60(B) motion ("Trial Rule 60(B) Motion") to set aside the dissolution decree. After this Court reversed a portion of the dissolution decree and remanded, another appeal ensued. Once this Court's opinion was certified, Wife moved to dismiss Husband's Trial Rule 60(B) Motion and his addendum to his Trial Rule 60(B) Motion ("Addendum") (sometimes collectively referred to as "Trial Rule 60(B) Motions"). The trial court granted Wife's motion and dismissed Husband's Trial Rule 60(B) Motions.

[2] Husband now appeals the dismissal of his Trial Rule 60(B) Motions. He argues that the trial court erred in finding that he failed to follow the proper procedure for bringing his Trial Rule 60(B) Motions. He also asserts that Wife is barred by the doctrines of laches and/or invited error from arguing that he failed to follow the proper procedure. Finally, he also contends that his constitutional rights were violated because he did not receive an evidentiary hearing on his motions. Wife contends that Husband's appeal is frivolous and in bad faith and requests that we award her appellate attorney fees.

[3] We conclude that trial court did not err in finding that Husband failed to follow the proper procedure. We further conclude that neither laches nor invited error applies and that Husband was not deprived of his constitutional rights. We affirm the judgment and deny Wife's request for attorney's fees.

## Facts and Procedural History

[4] On December 19, 2013, the trial court issued the dissolution decree, dissolving the parties' marriage and dividing the marital estate. On January 13, 2014, Wife appealed. On January 29, 2014, the Court of Appeals acquired jurisdiction when the notice of completion of clerk's record was entered in the chronological case summary ("CCS"). Ind. Appellate Rule 8.

[5] While the appeal was still pending, on May 7, 2014, Husband filed in the trial court his verified Trial Rule 60(B) Motion to set aside the dissolution decree, asserting that "Wife committed fraud to the court by not disclosing assets, vehicle(s) and bank accounts" owned during the divorce proceedings. Appellant's App. at 26. The trial court set the matter for hearing on August 26, 2014. On August 5, 2014, Wife filed a motion to continue the hearing, stating that her appeal was pending, and therefore the trial court had no jurisdiction to hear Husband's Trial Rule 60(B) Motion "until after a decision on the Appeal has been rendered." *Id.* at 28. The trial court granted Wife's motion.

[6] On August 14, 2014, this Court issued its opinion on Wife's appeal. *Falatovics v. Falatovics*, 15 N.E.3d 108 (Ind. Ct. App. 2014) ("*Falatovics 1*"). In her appeal, Wife argued that the trial court erred in excluding from the marital estate Husband's interest in two parcels of real estate ("Parcels 1 and 2") that he held with his brother as joint tenants subject to a life estate in his mother. Husband did not file a brief, and therefore we reviewed the trial court's judgment for prima facie error. We concluded that Husband held a present pecuniary interest in Parcels 1 and 2, and therefore the trial court improperly excluded his

interest in them from the marital estate. In addition, we observed that the parties had agreed on the value of Husband's interest in Parcels 1 and 2, and therefore, we reversed and remanded with instructions to the trial court to include Husband's interest in Parcels 1 and 2 in the marital estate and divide the marital estate based on the new valuation in a manner it deemed fair. *Id*. at 111-12. Neither Husband nor Wife sought rehearing or transfer of our opinion, and it was certified as final on September 26, 2014.

[7] On October 29, 2014, the trial court held a status conference and addressed the remanded issues. On November 14, 2014, Husband filed his Addendum, claiming that the appraisals for Parcels 1 and 2 submitted by Wife "during the final hearing" were mistaken in fact and valuation. Appellant's App. at 36. On November 25, 2014, the trial court issued its amended dissolution decree, wherein it included Husband's interest in Parcels 1 and 2 in the marital estate, revised the value of the estate accordingly, and equally divided the marital estate based upon this revised valuation. On December 9, 2014, the trial court scheduled a hearing for all pending issues on March 2, 2015.

[8] On December 23, 2014, Husband appealed the amended dissolution decree. On January 23, 2015, the notice of completion of clerk's record was entered in the CCS.

[9] On February 17, 2015, Wife filed in the trial court a motion for continuance of the hearing on Husband's pending Trial Rule 60(B) Motions, declaring that his appeal was pending before the Court of Appeals, and therefore the trial court

had no jurisdiction to hear the motions until after the appeal was rendered. *Id.* at 42. The same day, Husband filed an objection to continuance, claiming that the appeal briefing schedule was stayed and that "his pleadings before [the trial] Court must be heard *prior* to the appeal and it's [sic] briefing schedule." *Id.* at 43. On February 23, 2015, Wife filed a response to Husband's objection, asserting that the CCS did not show that the briefing schedule for the appeal had been stayed. The same day, the trial court granted Wife's motion for continuance.

[10] On March 12, 2015, Husband filed in the Court of Appeals a motion to stay appeal and remand jurisdiction to the trial court to consider his Trial Rule 60(B) Motions. Husband attached his Trial Rule 60(B) Motion and Addendum and averred that a ruling on these motions "may resolve some or all of the issues raised on appeal." Appellee's App. at 10. On March 30, 2015, Wife filed her objection to Husband's motion to stay appeal, asserting that Husband waived all issues raised in his Trial Rule 60(B) Motions by failing to seek leave of the Court of Appeals to file his motions. *Id.* at 18. On April 10, 2015, this Court denied Husband's motion to stay appeal. It did not provide the basis for its denial.

[11] On November 5, 2015, this Court handed down its memorandum decision on Husband's appeal of the amended dissolution decree. *Falatovics v. Falatovics*, No. 46A03-1412-DR-449, 2015 WL 6777221 (Ind. Ct. App. Nov. 5, 2015), *trans. denied* (2016) ("*Falatovics 2*"). In this appeal, Husband challenged the equal division of the marital estate. We concluded that the trial court did not

abuse its discretion in equally dividing the martial estate. *Id*. at * 3. We also rejected Husband's attempt to relitigate issues regarding his interest in Parcels 1 and 2 and their valuation. *Id*. at * 2. Accordingly, we affirmed the amended dissolution decree. Husband petitioned for transfer, which was denied on February 11, 2016.

[12] On February 15, 2016, the matter was certified back to the trial court. On March 14, 2016, Wife filed a motion to dismiss Husband's Trial Rule 60(B) Motions. Husband filed a response. In April 2016, following a hearing, the trial court granted Wife's motion to dismiss, finding that Husband failed to follow the appropriate procedure for bringing his Trial Rule 60(B) Motions, and that therefore he had waived his arguments and was not entitled to an evidentiary hearing. This appeal ensued.

## Discussion and Decision

### Section 1 – The trial court did not err in granting Wife's motion to dismiss.

[13] Husband challenges the dismissal of his Trial Rule 60(B) Motions. His first Trial Rule 60(B) Motion alleged that Wife committed fraud in failing to disclose assets, and his Addendum alleged that Wife's appraisals of Parcels 1 and 2 were based on mistakes of fact and valuation. Trial Rule 60(B) provides, "On motion and upon such terms as are just the court may relieve a party … from a judgment, including a judgment by default, for the following reasons: (1) mistake, … and (3) fraud (whether heretofore denominated intrinsic or

extrinsic), misrepresentation, or other misconduct of an adverse party[.]" Trial Rule 60(D) states, "In passing upon a motion allowed by subdivision (B) of this rule the court shall hear any pertinent evidence."

[14] As an initial matter, we must resolve the parties' dispute as to the proper standard of review. Husband claims that this is an appeal of the trial court's decision on a motion to dismiss pursuant to Trial Rule 12(B), which we review de novo. Wife contends that the trial court's dismissal of Husband's Trial Rule 60(B) Motions is effectively a denial, which we review for an abuse of discretion.

[15] We conclude that the trial court's dismissal of Husband's Trial Rule 60(B) Motions is effectively a denial. *See Jahangirizadeh v. Pazouki*, 27 N.E.3d 1178, 1181 (Ind. Ct. App. 2015) (equating dismissal of Trial Rule 60(B) motion with denial). In general, we review a trial court's denial of a motion to set aside judgment for an abuse of discretion. *Id*. However, in this case the issue presented involves purely a question of law, which we review de novo. *See Goodson v. Carlson*, 888 N.E.2d 217, 220 (Ind. Ct. App. 2008) (observing that when appeal of trial court's denial of motion to set aside judgment involves question of law, our review is de novo).

[16] Husband first asserts that the trial court erred in finding that he failed to follow the appropriate procedure for bringing his Trial Rule 60(B) Motions and therefore waived his claims and is not entitled to an evidentiary hearing. Husband filed his Trial Rule 60(B) Motion after Wife appealed the dissolution

decree. On January 29, 2014, the Court of Appeals obtained jurisdiction when the notice of completion of the clerk's record was entered in the CCS. Husband filed his Trial Rule 60(B) Motion on May 7, 2014. Thus, when Husband filed his Trial Rule 60(B) Motion, the trial court did not have jurisdiction over the case.

[17] In *Logal v. Cruse*, 267 Ind. 83, 368 N.E.2d 235 (1977), *cert.* denied (1978), our supreme court set forth the proper procedure to follow when a party wishes to pursue a Trial Rule 60(B) motion while an appeal is pending. There, the trial court dismissed Logal's lawsuit because he failed to comply with a discovery order. Logal appealed the dismissal. During the pendency of the appeal, Logal filed in the trial court a motion to set aside the dismissal and reinstatement of the lawsuit. The trial court "overruled" Logal's motion, and he appealed that ruling. *Id.* at 83, 368 N.E.2d at 236. Our supreme court consolidated Logal's appeals and adopted the following procedure for bringing a motion to set aside while a judgment is on appeal ("the *Logal* Procedure"):

> (1) The moving party files with the appellate court an application for leave to file his 60(B) motion. This application should be verified and should set forth the grounds relied upon in a specific and non-conclusory manner.

> (2) The appellate court will make a preliminary determination of the merits of the movant's 60(B) grounds. In so doing the appellate court will determine whether, accepting appellant's specific, non-conclusory factual allegations as true there is a substantial likelihood that the trial court would grant the relief sought. Inasmuch as an appellate court is not an appropriate

tribunal for the resolution of factual issues, the opposing party will not be allowed to dispute the movant's factual allegations in the appellate court.

(3) If the appellate court determines that the motion has sufficient merit, as described in the preceding paragraph, it will remand the entire case to the trial court for plenary consideration of the 60(B) grounds. Such remand order will terminate the appeal and the costs in the appellate court will be ordered taxed against the party procuring the remand. The decision to remand does not require the trial court to grant the motion. If the trial court denies the motion, the movant should file a motion to correct errors addressed to this denial, and appeal the denial. In this new appeal any of the issues raised in the original appeal may be incorporated, without being included in the second motion to correct errors.

(4) If the trial court grants the motion, the opposing party may appeal that ruling under the same terms as described in paragraph (3). The original appeal shall be deemed moot.

*Id*. at 86-87, 368 N.E.2d at 237 (citations omitted). The *Logal* court explained that "this procedure will allow full and fair consideration of grounds for relief from judgment with a minimum of disruption of the appellate process." *Id*. at 87, 368 N.E.2d at 237.

[18]    The *Logal* court then considered the issues raised in the two consolidated appeals. "For purposes of illustration and in the interests of fairness," the *Logal* court considered Logal's motion to set aside the dismissal as though he had followed the procedure set forth above. *Id*., 368 N.E.2d at 237. The court concluded that there was not a substantial likelihood that Logal would succeed

in his claim that he did not have notice of the trial court's discovery order. *Id.*, 368 N.E.2d at 238. In addition, the court reviewed whether the trial court abused its discretion in dismissing the lawsuit and concluded that it had not. *Id.* at 88, 368 N.E.2d at 238. Accordingly, the *Logal* court affirmed the trial court's dismissal of the action and the denial of Logal's motion to set it aside. *Id.*, 368 N.E.2d at 238.

[19]     The *Logal* Procedure was enforced in *Southwood v. Carlson*, 704 N.E.2d 163 (Ind. Ct. App. 1999). There, Southwood brought a medical malpractice action against various medical care providers. The trial court granted the medical care providers' summary judgment motion, and Southwood appealed. Before the trial clerk submitted the record of proceedings to the Court of Appeals, Southwood filed a motion for relief from judgment pursuant to Trial Rule 60(B) with the trial court. After the Court of Appeals obtained jurisdiction over the case, the trial court granted Southwood's motion for relief from judgment and set aside its grant of summary judgment in favor of the medical care providers. The medical care providers appealed the grant of Southwood's motion for relief from judgment.

[20]     The medical care providers' appeal and Southwood's appeal of the summary judgment ruling in favor of the medical care providers were consolidated. The *Southwood* court began by addressing the medical care providers' argument that the trial court was without jurisdiction to grant Southwood's motion for relief from judgment. The court rejected Southwood's contention that because the Court of Appeals had not yet acquired jurisdiction over the case at the time he

filed his motion, the *Logal* Procedure was inapplicable. *Id.* at 165. The court concluded that Southwood was obligated to follow the *Logal* Procedure when the Court of Appeals acquired jurisdiction, and he had not. *Id.* Therefore, the court concluded that the trial court was without jurisdiction to rule upon Southwood's motion for relief from judgment and *vacated* the trial court's ruling granting his motion. *Id.* at 166.

[21] The *Southwood* court then considered the trial court's summary judgment ruling in favor of the medical care providers. Southwood argued that there was a genuine issue of material fact precluding summary judgment and that the trial court erred by refusing to consider his designated affidavits. The *Southwood* court concluded that Southwood's designation of evidence was untimely, and therefore the trial court correctly entered summary judgment in favor of the health care providers. *Id.* at 169.

[22] Here, Husband concedes that he did not follow the *Logal* Procedure, but he contends that *Logal* and *Southwood* are distinguishable, and therefore the *Logal* Procedure is inapplicable. First, he asserts that in *Logal* and *Southwood*, the party seeking to have the trial court's judgment set aside was also the appellant and the issue raised in the motion to set aside and the appeal was the same. Thus, according to Husband, the movant/appellant in those cases was seeking to have two bites of the same apple. Husband points out that he filed the Trial Rule 60(B) Motion, but Wife brought the first appeal, and he claims that the issue he raised in his Trial Rule 60(B) Motion was different from the issue raised in Wife's appeal.

[23] We reject the contention that the identity of the movant and the appellant is relevant to the rationale underlying the *Logal* Procedure; namely, to permit fair consideration of the motion without unduly disrupting the appeals process. The trial court loses jurisdiction over the case once the Court of Appeals obtains jurisdiction regardless of who initiated the appeal. We also reject Husband's assertion that the issues must be the same. As long as the same judgment is the subject of the appeal and the motion for relief from judgment, the issues raised could result in the judgment or a portion of it being reversed or set aside. If a judgment is on appeal, and there are grounds to set aside that same judgment, it is a waste of the parties' and the court's resources to follow through with the appeals process only to have that same judgment set aside albeit for a different reason. The motion to set aside should be heard before the appeal proceeds so that all issues can be appealed at once. In fact, the circumstances of this case are a perfect illustration of this concept.

[24] Here, Husband claims that the potential for competing results is not present because the issues presented to this Court and the trial court were different. We disagree. Wife's appeal addressed the exclusion of Husband's interest in Parcels 1 and 2 from the marital estate, and Husband's Trial Rule 60(B) Motion addressed the exclusion of Wife's assets as a result of her failure to disclose assets. Wife's appeal and Husband's Trial Rule 60(B) Motion both directly affected the same judgment. Each raised issues pertaining to the exclusion/inclusion of marital assets, which affects the ultimate determination of the value of the marital estate and the equitable distribution thereof. Thus,

the failure to follow the *Logal* Procedure would result in piecemeal decisions regarding the same judgment and multiple appeals as to the fair distribution of the marital estate. Furthermore, Husband's Addendum and the first appeal both addressed Husband's interest in Parcels 1 and 2, and inclusion of Husband's interest in that property was the reason for the issuance of the amended dissolution decree. Husband recognized in his motion to stay appeal that a ruling on his Trial Rule 60(B) Motions "may resolve some or all of the issues raised on appeal." Appellee's App. at 10.

[25] Another distinction Husband attempts to make is that the movant/appellant in both *Logal* and *Southwood* had the issues in their motions to set aside heard on the merits, whereas he has not. However, Logal did not have his motion to set aside heard on the merits. The *Logal* court considered only whether there was a substantial likelihood that the trial court would grant the relief Logal sought in his motion to set aside in accordance with the procedure it had outlined. Thus, the *Logal* court did not hear evidence in support of Logal's motion to set aside and the opposing party was not permitted to dispute the movant's factual allegations. *Logal*, 267 Ind. at 86-87, 368 N.E.2d at 237-38.

[26] Husband's comparison to *Southwood* is also unavailing. In *Southwood*, although the trial court conducted an evidentiary hearing on Southwood's motion for relief from judgment and issued a ruling, the appellate court *vacated* that ruling because the trial court did not have jurisdiction over the case. 704 N.E.2d at 166. We fail to see the benefit of having a hearing on a motion when the ruling on the motion is vacated. Finally, we note that although Trial Rule 60(D)

generally requires trial courts to hold a hearing on any pertinent evidence before granting Trial Rule 60(B) relief, a party is not always entitled to an evidentiary hearing. *See Thompson v. Thompson*, 811 N.E.2d 888, 904 (Ind. Ct. App. 2004) (concluding that appellant was not entitled to evidentiary hearing on his Rule 60(B)(1) motion based on excusable neglect where he alleged that his attorney was negligent but attorney negligence will not support a finding of excusable neglect as a matter of law), *trans. denied* (2005). Accordingly, we are unpersuaded that the distinctions between this case and *Logal* and *Southwood* render the *Logal* Procedure inapplicable.

[27]     Next, Husband claims that Wife's motion to dismiss is barred by the doctrines of laches and/or invited error. "Laches is an equitable defense that may be raised to stop a person from asserting a claim that he would normally be entitled to assert." *Ind. Real Estate Comm'n v. Ackman*, 766 N.E.2d 1269, 1273 (Ind. Ct. App. 2002). "Laches requires: '(1) inexcusable delay in asserting a known right; (2) an implied waiver arising from knowing acquiescence in existing conditions; and (3) a change in circumstances causing prejudice to the adverse party.'" *SMDfund, Inc. v. Fort Wayne-Allen Cty. Airport Auth.*, 831 N.E.2d 725, 729 (Ind. 2005) (quoting *Shafer v. Lambie*, 667 N.E.2d 226, 231 (Ind. Ct. App. 1996)). Husband argues that he filed his Trial Rule 60(B) Motion on May 7, 2014, but Wife did not file her motion to dismiss until almost two years later on March 14, 2016, which constitutes inexcusable delay. Husband ignores that two appeals occurred during that time period. Wife filed her motion to dismiss within thirty days of the trial court resuming jurisdiction

on February 15, 2016, when the decision in *Falatovics 2* was certified. We cannot say that Wife inexcusably delayed in filing her motion to dismiss.

[28] "The doctrine of invited error is grounded in estoppel." *Witte v. Mundy ex rel. Mundy*, 820 N.E.2d 128, 133 (Ind. 2005). Under this doctrine, "a party may not take advantage of an error that she commits, invites, or which is the natural consequence of her own neglect or misconduct." *Evans v. Evans*, 766 N.E.2d 1240, 1245 (Ind. Ct. App. 2002). Husband argues that Wife invited the error by moving for two continuances, rather than dismissal, of the Trial Rule 60(B) Motions, indicating to the trial court that "the matter could not be adjudicated and heard until after the appeal was completed." Appellant's Br. at 28. Husband overstates the effect of Wife's motions for continuance. In her motions, she merely informed the trial court that it lacked jurisdiction to entertain evidentiary hearings while the case was pending on appeal. That was not error. If the trial court had ruled on Husband's Trial Rule 60(B) Motions when the appeals were pending, the judgment would have been void. *See Southwood*, 704 N.E.2d at 166. We conclude that the doctrine of invited error does not apply.

[29] Finally, Husband claims that the dismissal of his Trial Rule 60(B) Motions without an evidentiary hearing violates his federal constitutional due process rights and his state constitutional right to open access to the courts. The Fourteenth Amendment of the United States Constitution prohibits any state from depriving a person of life, liberty, or property without due process of law. Article 1, Section 12 of the Indiana Constitution provides, "All courts shall be

open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law." Indiana courts have consistently construed Article 1, Section 12 of the Indiana Constitution as analogous to the federal due process clause. *Doe v. O'Connor*, 790 N.E.2d 985, 988 (Ind. 2003).

[30] We observe that Husband had an opportunity to be heard on the issue raised in the Addendum—the valuation of Parcels 1 and 2—before the dissolution decree was issued, but at that time he apparently agreed to the valuation of properties in Wife's appraisals. *See Falatovics 1*, 15 N.E.3d at 111 ("The parties agreed that the value of Husband's interest in Parcels 1 and 2 was $106,700."). As for his Trial Rule 60(B) Motion, parties are not entitled to evidentiary hearings when procedural requirements have not been satisfied. *See Plank v. Cmty. Hosps. of Ind., Inc.*, 981 N.E.2d 49, 54 (Ind. 2013) (concluding that Plank forfeited opportunity for evidentiary hearing on his constitutional challenge to Medical Malpractice Act damages cap); *Bunker v. Nat'l Gypsum Co.*, 441 N.E.2d 8, 14 (Ind. 1982) (concluding that statute of limitations in Occupational Diseases Act was constitutional as applied to worker's claim for permanent disability). Here, Husband would have received an evidentiary hearing on the merits of his motion if he had followed the proper procedure. Husband was not completely denied an opportunity to be heard merely by being required to follow the proper procedure. We find no violation of Husband's constitutional rights.

## Section 2 - Wife is not entitled to appellate attorney's fees.

As a final matter, we address Wife's request for attorney's fees pursuant to Indiana Appellate Rule 66, which permits this Court to assess damages, including attorney's fees, if an appeal is frivolous or in bad faith. "Our discretion to award attorney fees under Indiana Appellate Rule 66(E) is limited to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Thacker v. Wentzel*, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003). "[W]e must use extreme restraint when exercising this power because of the potential chilling effect upon the exercise of the right to appeal." *Id*. "A strong showing is required to justify an award of appellate damages and the sanction is not imposed to punish mere lack of merit but something more egregious." *Ballaban v. Bloomington Jewish Cmty., Inc.*, 982 N.E.2d 329, 339-40 (Ind. Ct. App. 2013). While we find Husband's argument unpersuasive, his appeal is not permeated with frivolous claims or brought in bad faith. Therefore, we decline Wife's request for attorney's fees.

Based on the foregoing, we affirm the dismissal of Husband's Trial Rule (60)(B) Motions.

Affirmed.

Riley, J., and Altice, J., concur.