# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

08/28/2017, 10:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jane G. Cotton
Anderson, Indiana

ATTORNEY FOR APPELLEE

Ralph E. Dowling
Dowling Law Office

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jolyn Hensley,<br>*Appellant-Respondent,*<br><br>v.<br><br>Daniel Lee Hensley,<br>*Appellee-Petitioner.* | August 28, 2017<br><br>Court of Appeals Case No.<br>80A05-1611-DR-2567<br><br>Appeal from the Tipton Circuit Court<br><br>The Honorable Thomas Lett, Judge<br><br>Trial Court Cause No.<br>80C01-1503-DR-77 |

**Robb, Judge.**

# Case Summary and Issue

[1] Daniel Hensley ("Husband") and Jolyn Hensley ("Wife") signed a property settlement agreement and the trial court incorporated it into its summary decree of dissolution of marriage. Thereafter, Wife filed a motion for relief from judgment alleging fraud, misrepresentation, and misconduct by Husband. Husband then filed a motion to dismiss, which the trial court granted. Wife now appeals, raising two issues for our review which we consolidate and restate as whether the trial court abused its discretion in dismissing Wife's motion for relief from judgment. Concluding the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History[1]

[2] Husband filed a petition for dissolution of marriage on March 12, 2015. On May 15, 2015, Husband and Wife signed a property settlement agreement. Wife signed the property settlement agreement without the benefit of counsel. On May 19, 2015, the trial court entered a summary decree of dissolution of marriage which incorporated the property settlement agreement.

[3] On June 22, 2015, Wife filed a motion for relief from judgment pursuant to Indiana Rule of Trial Procedure 60(B)(3) and requested an emergency

---

[1] Husband filed two motions to strike portions of Wife's brief and appendix. We have, by separate order, denied Husband's motions to strike.

injunction and hearing. Wife's motion for relief from judgment alleged fraud and misconduct on the part of Husband in the following ways:

10. That Husband committed fraud or at the least misrepresentation in several aspects of facilitating the settlement agreement in the divorce which include the following:

a.    The parties had an investment account worth over $250,000 in 2014. The parties had never touched this investment account to Wife's knowledge and belief. After the divorce she learned that Husband had withdrawn funds from the account and it was depleted all the way down to $100,000. The property settlement agreement says the parties are awarded the accounts in their name. This investment account was in the joint names of both parties.

b.    The parties own two pieces of real estate in Indiana. One in Carmel, Indiana has been rented out. The second house in Milford, Indiana, is being sold on contract. The Decree of Dissolution awards the parties joint ownership of both properties.

c.    Husband insisted that Wife and the children move to the Carmel house as soon as the divorce was final in May, 2015, as the tenants were supposed to be moving out of the house. Wife had everything in the Texas house packed and ready to be shipped. Wife and the children came to Carmel, Indiana, only to learn that the tenants were not leaving the house until August, 2015, and never had any intention to leave in May. . . .

d.    After Wife learned she could not move into the Carmel house, she could no longer receive the property that was

ready to be shipped. Wife has since learned that Husband has been taking various items of property, even though Wife was awarded all of these items in the Decree of Dissolution of Marriage.

e. Husband makes a lot of money in his job, however, as soon as his paycheck is deposited he withdraws the entire amount. He sent Wife and the children to Indiana to live with less than $100. When Wife was desperate for money so that she could not supply food and housing for herself and her children, Husband forced her to perform sex acts on him in order to be paid money.

f. Husband has given Wife none of the money from the rental property in Carmel, Indiana, nor has he paid child support that he was ordered in the sum of $400 per week. Section 3.1(b) of the Decree contains unconscionable language that states the $400 per week shall be reduced by the sum of $57.14 for each day that Husband keeps the children overnight. Husband has interpreted this language to include times that his mother in Muncie keeps the children overnight. Therefore, Husband has manipulated it so that Wife owes Husband at least as much child support as Husband owes Wife.

g. The Decree says that Husband is going to sell the parties['] boat and the parties are going to divide the profits. Wife believes the boat is worth $25,000. Husband has informed her that he sold the boat for $7,000. He will not show her any bill of sale or receipt, nor has he paid her any portion of the sales proceeds.

h. Wife agreed that Husband would have visitation every weekend and every holiday, based on representation that he would be home with her and the children every

weekend and every holiday. Husband had no intention to follow through with that, and so he willfully misled Wife into signing the agreement. Therefore, visitation needs to be revised to something reasonable.

Corrected Appellant's Appendix at 49-50. In response, Husband filed a motion to dismiss contending Wife failed to allege fraud or misconduct supporting the granting of relief from judgment. On October 13, 2016, the trial court granted Husband's motion and dismissed Wife's motion for relief from judgment. On October 27, 2016, Wife filed a motion to reconsider, which the trial court denied. Wife now appeals.

# Discussion and Decision

## I. Standard of Review

A trial court's dismissal of a Trial Rule 60(B) motion is effectively a denial. *Falatovics v. Falatovics*, 72 N.E.3d 472, 477 (Ind. Ct. App. 2017). We review a trial court's denial of a motion to set aside judgment for an abuse of discretion. *Id.* An abuse of discretion occurs if the trial court's decision was against the logic and effect of the facts and circumstances before the court. *McCullough v. Archbold Ladder Co.*, 605 N.E.2d 175, 180 (Ind. 1993).

## II. Indiana Rule of Trial Procedure 60(B)(3)

Indiana Rule of Trial Procedure 60(B)(3) states,

On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:

* * *

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . . .

* * *

A movant filing a motion [alleging fraud, misrepresentation, or misconduct] must allege a meritorious claim or defense.

A meritorious claim is "a showing that will prevail until contradicted and overcome by other evidence." *Munster Cmty. Hosp. v. Bernacke*, 874 N.E.2d 611, 614 (Ind. Ct. App. 2007) (quotation omitted). "A meritorious defense is one showing, if the case was retried on the merits, a different result would be reached." *In re Paternity of Baby Doe*, 734 N.E.2d 281, 284 (Ind. Ct. App. 2000).

[6] Wife contends the trial court erred in dismissing her motion for relief from judgment because her motion "alleges a great deal of misrepresentation and misconduct by Husband which harmed Wife." Brief of Appellant at 9. However, Wife also admits her "motion (and amended motion) did not allege that Husband had made a material misrepresentation of past or existing fact, with knowledge that it was untrue or reckless ignorance of its falsity, with intent to deceive and upon which Wife reasonably relie[d]." *Id.* We agree with Wife

that her motion failed to allege any fraud or misrepresentation by Husband that would support relief from judgment.[2]

[7] Further, Wife has not alleged any misconduct by Husband supporting relief from judgment. Although the alleged conduct, if true, is reprehensible, it does not allege a meritorious claim that would "prevail until contradicted and overcome by other evidence." *Bernacke*, 874 N.E.2d at 611. Wife's allegations in her motion for relief from judgment regarding Husband's conduct before the dissolution of the marriage could have been investigated during the dissolution proceedings had she chosen to hire an attorney and Wife has failed to allege or present any evidence indicating she was prevented from discovering the merits of the allegations prior to the dissolution of marriage. *See In re Marriage of Bradach*, 422 N.E.2d 342, 350 (Ind. Ct. App. 1981) (noting where the wife did not utilize her own attorney or other experts to investigate her suspicions or substantiate her claims, the resulting situation "does not necessarily lead to the conclusion that she was defrauded"). Wife's allegations regarding Husband's conduct since the dissolution, however, may support a finding of contempt if Husband has failed to live up to the terms of the property settlement agreement.

---

[2] The elements of actual fraud which a plaintiff must prove are: (1) a material misrepresentation of a past or existing fact which (2) was untrue, (3) was made with knowledge of or in reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) which proximately caused the injury or damage complained of. *Wheatcraft v. Wheatcraft*, 825 N.E.2d 23, 30 (Ind. Ct. App. 2005).

Because Wife has failed to allege any fraud, misrepresentation, or misconduct supporting a relief from judgment, we conclude the trial court did not abuse its discretion in dismissing her motion.

## Conclusion

We conclude the trial court did not abuse its discretion in dismissing Wife's motion for relief from judgment. Accordingly, we affirm.

Affirmed.

Riley, J., and Pyle, J., concur.