## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 27 2017, 9:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Tiera Butler
Valparaiso, Indiana

ATTORNEY FOR APPELLEE

Chad W. Nally
Burke Costanza & Carberry LLP
Merrillville, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tiera Butler,<br>*Appellant-Defendant,*<br><br>v.<br><br>Friendly Foot Care, P.C.,<br>*Appellee-Plaintiff.* | November 27, 2017<br><br>Court of Appeals Case No.<br>45A03-1704-SC-1010<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Sheila M. Moss, Judge<br><br>The Honorable Kathleen Belzeski, Magistrate<br><br>Trial Court Cause No.<br>45D08-1610-SC-4996 |

**Bailey, Judge.**

# Case Summary

Pro-se Appellant Tiera Butler, a/k/a Aaliayah Ammiyhuwd,[1] ("Butler") appeals the denial of her motion to set aside a small claims default judgment obtained by Appellee Friendly Foot Care, P.C., a medical services provider, ("Friendly Foot"). Butler presents the sole issue of whether the trial court abused its discretion. We affirm.

# Facts and Procedural History

On October 24, 2016, Friendly Foot filed a Notice of Claim, demanding a judgment against Butler for medical charges, attorney's fees, and late fees totaling $440.06. On December 6, 2016, the parties appeared before a magistrate. Butler identified herself as "the respondent for Tiera Butler," to be known as Aaliayah Ammiyhuwd. (Tr. at 3.) A hearing was set for January 26, 2017.

Butler filed a Demand to Strike, an Emergency Motion, a Declaration of Facts, a Copy of Civil Lawsuit, and an Affidavit of Sovereignty. However, she failed to appear at the January 26, 2017 hearing. The trial court noted in its chronological case summary ("the CCS") that Friendly Foot would be filing a motion for a default judgment.

---

[1] Butler asserts that she changed her name, by operation of common law, after learning that she is a Hebrew Israelite, of the Tribe of Judah.

[4] On February 2, 2017, the trial court entered a judgment for Friendly Foot and against Butler in the amount of $452.12, plus costs. On March 20, 2017, the trial court received a letter from Butler which it treated as a "Motion to Set Aside." (Appellee's App. at 7.) The motion was set for hearing on April 6, 2017.

[5] On March 23, 2017, the parties appeared for proceedings supplemental and the trial court inquired into the possibility of a payment plan as opposed to wage garnishment.[2] Butler stated that she was Aaliayah Ammiyhuwd, respondent for Tiera Butler, attempting to "reserve [her] rights under [the] UCC." (Tr. at 7.) She referred to the contract for medical services as one-sided and "an illusion." (Tr. at 11-12.) Butler also claimed that she was "in God's jurisdiction" and not in the trial court's jurisdiction. (Tr. at 11.) The trial court ordered garnishment of Butler's wages.

[6] On April 6, 2017, the parties appeared for a hearing on the Motion to Set Aside. Butler advised the trial court that she was "a woman of God's kingdom" who was "reserving all [her] rights under [the] UCC." (Tr. at 20.) After several attempts to communicate with Butler as to how the hearing would proceed, the trial court denied the Motion to Set Aside. The trial court noted in the CCS that Butler "refuses to cooperate with court proceedings." (Appellee's App. at 7.) This appeal ensued.

_____

[2] Reportedly, Butler works for the United States Postal Service.

# Discussion and Decision

[7] Indiana Trial Rule 60(B) provides in relevant part: "On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default[.]" In general, we review a trial court's denial of a motion to set aside a judgment for an abuse of discretion. *Falatovics v. Falatovics*, 72 N.E.3d 472, 477 (Ind. Ct. App. 2017), *trans. denied*. When a pure question of law is presented, the review is de novo. *Id.*

[8] Butler's letter to the trial court, treated as a Motion to Set Aside, is not contained within the Appendix. On appeal, Butler suggests that she moved for relief on grounds that the judgment was procured by fraud, T.R. 60(B)(3), or because the judgment is void for lack of jurisdiction, T.R. 60(B)(6). She did not, however, have the motion to set aside heard on the merits.

[9] Rule 60(D) requires that, "in passing upon a motion allowed by subdivision (B)," the court shall hear "any pertinent evidence." However, "a party is not always entitled to an evidentiary hearing" and "[is] not entitled when procedural requirements have not been satisfied." *Falatovics*, 72 N.E.3d at 480-81. Here, it is not apparent that there was any pertinent evidence to be heard. Moreover, Butler refused to cooperate with the trial court in proceedings to elicit any pertinent evidence. "The doctrine of invited error is grounded in estoppel." *Witte v. Mundy ex rel. Mundy*, 820 N.E.2d 128, 133 (Ind. 2005). "Under this doctrine, 'a party may not take advantage of an error that she commits, invites, or which is the natural consequence of her own neglect or

misconduct.'" *Id.* (quoting *Evans v. Evans*, 766 N.E.2d 1240, 1245 (Ind. Ct. App. 2002)). We find the doctrine to be applicable here. Butler would have received an evidentiary hearing on the merits of her Motion to Set Aside had she been cooperative with the trial court. She cannot, on appeal, take advantage of her lack of cooperation.

[10] Friendly Foot has requested attorney's fees pursuant to Indiana Appellate Rule 66, which permits this Court to assess damages, including attorney's fees, if an appeal is frivolous or in bad faith.

[11] "Our discretion to award attorney fees under Indiana Appellate Rule 66(E) is limited, however, to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Thacker v. Wentzel*, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003). We use extreme restraint in exercising this discretion, because of the potential chilling effect upon the exercise of the right to appeal. *Id.* The sanction is imposed not to punish mere lack of merit but to address "something more egregious." *Ballaban v. Bloomington Jewish Cmty., Inc.*, 982 N.E.2d 329, 340 (Ind. Ct. App. 2013). Here, we decline Friendly Foot's request for attorney's fees.

# Conclusion

[12] Butler has not shown that the trial court abused its discretion in denying the Motion to Set Aside. We decline to impose attorney's fees pursuant to Appellate Rule 66(E).

Affirmed.

Baker, J., and Altice, J., concur.